[Civ. No. 3419. Fourth Dist. Mar. 8, 1946.]

F. P. BASLER, Respondent, v. SHARP & FELLOWS CO. (a Corporation), Appellant.

Walter E. Bennett for Appellant.

H. Eugene Breitenbach, Wm. U. Handy, Wm. H. Buckingham and Arthur Lasher as Amici Curiae on behalf of Appellant.

Jos. H. Huberty for Respondent.

BARNARD, P. J.—This is an action to recover the rental for some road-building equipment used by the defendant on a certain job between about November 1, 1942, and February 15, 1943. Thereafter, the defendant paid part of the rental charged but refused to pay the balance, claiming it was in excess of the maximum charges allowed by O. P. A. regulations, and stating that "O. P. A. rates would govern." The plaintiff presented the matter to the O. P. A. officials, it was referred by the Washington office to its San Francisco office, some sort of a hearing was there had, and the plaintiff again presented his bill for the balance of the rental to the defendant, claiming that the same had been approved by the O. P. A. authorities. The defendant refused to pay and this action followed.

The complaint alleged a written agreement for the leasing of the equipment at stated prices per hour, all to be fully operated and maintained by the plaintiff; that the agreement was thereafter modified by mutual consent to meet the requirements and regulations of the O. P. A. by reducing the price per hour on some of the equipment and adding a monthly rental on one machine; that the equipment was furnished for certain times at the reduced rental; and that $20,596.78 was thus earned, of which only $8,388.19 had been paid. Separate counts were set up based on quantum meruit and on an account stated, and the prayer was for the balance of $12,208.59.

In its answer the defendant denied the plaintiff's ownership of the equipment, disputed the number of hours it had used the equipment, and as a separate and affirmative defense alleged that the amounts as charged by the plaintiff are in excess of and in violation of Maximum Price Regulation No. 134 of the Office of Price Administration. This regulation will be referred to as the regulation.

The court found in all respects in favor of the plaintiff, finding that the rental contract had been executed; that it had been modified by mutual consent in order to meet with the approval, requirements and regulations of the O. P. A.;

that the equipment had been furnished to and used by the defendant; and that there was a balance of $12,208.59 owing to the plaintiff. Judgment was entered for that amount and the defendant has appealed.

The court's findings with respect to the length of time during which the various pieces of equipment were used are fully sustained by the evidence and are not seriously questioned by the appellant. Appellant's main contention is that the respondent's charges for the rental of this equipment, having been set forth on a per-hour basis, are in excess of the maximum prices established by the regulation and permitted thereunder. A copy of the regulation was introduced in evidence. Section 1399.1 thereof contains a prohibition against renting such machinery or supplying such services at higher than the maximum prices established by the regulation. Section 1399.2 fixes rental prices in accordance with an attached schedule on what may be called a bare basis, being the rental of machinery where it is to be maintained and operated by the lessee. It provides for the rental of such machinery on a daily, weekly or monthly basis depending on the number of hours per day it is used, the number of days or weeks and other facts depending upon whether the use was continuous or not. Section 1399.5 provides that rental for equipment leased on a per-hour basis shall be determined under the provisions of section 1399.2 under varying conditions. Section 1399.6 covers the matter of maximum charges for operating or maintenance services. This is material here as this equipment was leased to be fully operated by the respondent, that is, the respondent was to furnish the operators and maintain the equipment, including repairs, fuel and lubrication. Subdivision (b) of that section provides for the fixing of maximum prices for such operating services in cases where the lessor had no established charge for that purpose on March 31, 1942, and is the part applicable to this respondent. It provides for an application by the lessor, in such a case, to the O. P. A. and provides that the charge may not be made unless it has been approved by the O. P. A. or has not been disapproved within thirty days after receipt of the report. Section 1399.7 provides that where equipment is leased on a fully operated basis the combined rental shall not exceed the maximum bare rental for the equipment plus the maximum charges for operation and maintenance allowed under the regulation.

The appellant contends that the bill rendered by the respondent which separately charged for the rental of the equipment and for the operation and maintenance thereof, each at so much per hour, resulted in a total figure which is in excess of that permitted by the regulation for these combined charges. It may be observed in passing that the appellant, in his opening brief, admitted that under its interpretation of the regulation $3,611.90 is still due to the respondent. In its closing brief there is what amounts to, by simple computation, an admission that $8,663.12 is due. The administrator of the Office of Price Administration, who appears as amicus curiae, makes the tentative suggestion that the amount due is $6,038.99. These variations are understandable in view of the prolixity and uncertainness of the language used in the regulation, the many fields and conditions it was attempting to cover, and the conflicts, inconsistencies and uncertainties which more or less naturally result.

There is practically no difference between the parties with respect to the charges for operations and maintenance. The respondent charged $8,860.12 for this item. In the calculations made by the administrator of the O. P. A. $8,828.65 is given as the correct amount for this item, and this is approved by the appellant in its final brief. The difference of $31.47 appears to be due to a mathematical error on the part of the respondent, and that amount should be deducted from the judgment.

The real difference between the parties is with respect to the amounts charged for the bare rentals on the equipment and the controlling question here is whether the court's findings in that regard are sufficiently supported by the evidence. The regulation provides that such equipment, when leased on a per-hour basis, shall be figured on a daily, weekly or monthly basis as provided by another section, and that the combined charge for rental and for operation and maintenance shall not exceed the maximum amounts allowed for the respective items. It also provides, in section 1399.11, for the making of modifications, adjustments or exceptions on proper application therefor. The complaint alleged that the original agreement was modified to meet the approval, requirements and regulations of the O. P. A., and that the rates for the charges were reduced accordingly. The court found that this was true and that the amount thus agreed upon was not in excess of the maximum rental prices established. The appellant argues that the approval admittedly given by the

O. P. A. was given under section 1399.6 of the regulation and applied only to the operation and maintenance charges. However, no facts were brought out at the trial to show that proper proceedings were not had under section 1399.11, which would permit a modification of both kinds of charges here involved. The respondent testified that the entire matter, including the bill which was finally presented to the appellant, was submitted to the O. P. A. for approval; that the Washington office of the O. P. A. referred the matter to the San Francisco office; that this office went into the matter fully and gave its oral approval to the full claim as it now appears in the judgment; and that no disapproval was ever expressed by the O. P. A. at any time. This testimony that oral approval was given was stricken, and later on this witness testified that the O. P. A. official in the San Francisco office who was handling the matter told him all items of this bill were to be approved, and that "if it had been disapproved, he would have written me a letter." There is no evidence to the contrary. The appellant set up, in its answer, as an affirmative defense that the charges as reflected in the complaint were in excess of the maximum amounts allowable under the regulation. While it relies upon the regulation, which was introduced in evidence, it failed to introduce evidence with respect to many important facts which were necessary to sustain its claimed defense under that regulation and there was a complete failure of proof in that regard. As a result, it is forced to rely in its briefs on assumptions and inferences which are without support in the evidence.

The situation is frankly and honestly recognized by the administrator of the O. P. A. in his briefs. In his first brief, he argued in general that the regulation was controlling, that the charges as reflected in the judgment were in excess of those allowed by the regulation, and certain other matters which need not be considered here. This brief in no way attempted to show how the amounts allowed in the judgment exceeded the amounts permitted by the regulation, and no attempt was made to set forth what was claimed to be a proper charge for the rental and services found by the court to have been furnished to the appellant. At the oral argument it appeared that such figures had not been furnished to the trial court and counsel for the administrator stated that he was unable at that time to furnish such figures, and that

it would be necessary to have the matter gone over by experts in the O. P. A. in order to ascertain what charges were deemed permissible under the regulation. The matter was continued and seventy days were allowed the administrator in which to furnish such figures to the court. This was done and calculations were filed which agreed with the respondent's charges on the item of operation and maintenance, with the slight exception noted. However, the amounts for bare rental were materially reduced, based on several assumptions, and it was suggested that the total balance recoverable is $6,038.99, instead of $12,208.59 allowed by the court. Not only was this a matter which should have been, and was not, presented in the trial court but the calculations thus furnished frankly admit that in order to make a correct calculation it would be necessary to know a number of facts which appear neither in the findings nor in the evidence. The conclusion noted is thus reached in the calculation furnished by the administrator, after clearly stating several times that a correct solution of the problem is impossible on the facts shown by the record, and that the calculation is necessarily based on inferences and assumption.

■ The respondent made out at least a prima facie case, if any burden rested upon him in this regard, and it was incumbent upon the appellant to produce the requisite evidence to support its contentions that the amount claimed was in excess of that permitted. This was not done in the trial court and it is here admitted, at least by the administrator of the O. P. A., that a number of facts which are essential to the appellant's main defense are absent from the record. Not only was an issue presented which should have been met in the trial court, and not months after judgment was rendered, but it does not certainly appear, even now, that the judgment should or could have been different. The respondent made an earnest attempt to comply with the regulation, and received at least implied approval of his charges. Under these circumstances, it cannot be held that the essential findings are not supported by the evidence.

■ The appellant also contends that an item of $201.92, which was included in the judgment and which was a charge for loading and unloading this equipment when it was shipped to the scene of the operations, is forbidden by section 1399.9 of the regulation which forbids effecting a price increase above the applicable maximum "by way of commission, service, or

other charge or requirement or by way of premium or other privilege or in any other manner.'' It is argued that a loading and unloading charge is a ''service or other charge'' and that there is no authority in the regulation for such an extra charge. That same section forbids the making of a charge for transportation of such equipment to or from the job ''on a basis not heretofore customarily used.'' The matter is raised for the first time on appeal and there is no evidence in the record that the amount thus charged was not on a basis theretofore customarily used.

Some contention is made by the appellant that the respondent may not recover anything because any amount that may be due belongs to Stagan Mining Co. A written authorization dated February 19, 1943, signed by the respondent and by Stagan Mining Co. by ''Roy Stacy, Partner,'' and directing the appellant to pay anything due on this equipment to Stagan Mining Co., was introduced in evidence. The original contract was made between the appellant and this respondent and there is no evidence that this authorization of February 19, 1943, was still in force. There is evidence that the respondent and Stacy were partners and were working together on this deal. Stacy was on the stand and testified that it was satisfactory to have this action prosecuted in respondent's name. The appellant had not acted on the written authorization beyond the payments which are duly credited. It will be protected if it pays the judgment to the respondent, and no possible prejudice appears.

The judgment is modified by deducting therefrom the sum of $31.47 and, as so modified, is affirmed. The respondent to recover his costs.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied March 28, 1946, and appellant's petition for a hearing by the Supreme Court was denied May 6, 1946.