[Civ. No. 15335. Second Dist., Div. Two. Dec. 12, 1946.]

VERNON BALFOUR, Respondent, v. SAM HEUER, Appellant.

Hy Schwartz for Appellant.

James J. McCarthy for Respondent.

WILSON, J.—The complaint in this action is on a common count alleging that appellant became indebted to respondent in the sum of $2,150 for goods, wares and merchandise sold and delivered to respondent. Appellant answered alleging that he agreed to purchase 86,000 square yards of sublimated gauze for said sum but that respondent delivered only 43,000 square yards; that immediately after ascertaining the amount of gauze actually delivered appellant notified respondent of the mistake, demanded an additional 43,000 square yards, and offered to return the merchandise already delivered if respondent could not furnish such additional amount. Upon delivery of the gauze appellant signed an

I. O. U. for the sum of $2,150. Findings and judgment were in favor of respondent and appellant has appealed.

Appellant contends that the I. O. U. was received by respondent in payment for the gauze and therefore he cannot recover for goods, wares and merchandise sold, but if entitled to recover at all his complaint should have been on the written instrument. He also contends that by reason of the mistake of fact, to wit, the delivery of a less amount of gauze than that purchased, as alleged in his answer, respondent may not recover any sum whatsoever.

The evidence given by the parties is in direct conflict in several particulars. The trial court has resolved the conflict by its findings and judgment, and we must view the evidence in the light most favorable to respondent. The latter denied any misrepresentation and testified that the I. O. U. was not taken in payment for the merchandise but that at the time of delivery he took it in order to protect his storage, fire and theft insurance by showing that the goods had been delivered from the storage house to appellant's place of business. According to respondent's evidence when he requested payment for the gauze appellant said that he had made a mistake and had paid too much for the material—no objection was then raised concerning the amount he had agreed to pay. The trial court accepted respondent's evidence of the transaction as true and found that appellant was indebted to respondent in the sum sued for and that there was no mistake of fact as alleged in appellant's answer. Since the finding is based on substantial evidence we do not question its correctness.

Appellant pleaded as a special defense that the sale was void by reason of the fact that respondent had not had the price of the gauze established pursuant to the Emergency Price Control Act. It is admitted that respondent had not procured the establishment of a price. He had purchased the gauze from a company which had bought it as war surplus goods from the United States government, and the government in turn had purchased it from the manufacturer. Whether or not the price had been fixed prior to respondent's purchase of the merchandise does not appear from the evidence. Appellant's contention in this behalf rests on his affirmative defense and the burden was upon him to show that a ceiling price had not been established by the appropriate agency of the United States government. He offered no evidence in sup-

port of his defense and the point is not available to him on his appeal.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.