[Civ. No. 4020. Fourth Dist. Mar. 30, 1950.]

O. E. REEVES et al., Respondents, v. DON J. NICHOLS et al., Appellants.

P. E. Cavaney for Appellants.

Mark F. Jones and W. L. Engelhardt for Respondents.

GRIFFIN, J.—Plaintiffs brought this action against defendants to recover rental due under a written agreement for the leasing of oil well drilling equipment, for damages in failing to keep the machinery in repair, as agreed upon, and for reasonable attorney's fees provided for in the contract.

The agreement, dated July 30, 1945, provided that plaintiff rented to defendant company, Utility Oil Associates, the equipment for fifteen hundred dollars ($1,500), beginning July 30, 1945, for 10 days, then two additional extensions of 10 days each were granted at $1,500 for each 10 days extension. The amount due after the first payment of $1,500, was payable at the rate of $150 per day while the equipment was operating and $75 per day for stand-by time until the equipment was returned.

The defense to the action was predicated mainly upon the claim that a maximum rental price had not been fixed by the Office of Price Administration for the leasing of such machinery, as required under Revised Price Regulation No. 136— Order L-608, and that plaintiffs leased the outfit in violation of said regulation.

By cross-complaint defendants alleged that the equipment was second-hand—badly worn, and on account of interruptions and delays, caused by breakdowns, the machinery could not be used by them for a total period of 23 days of the time it was in their possession. It is further alleged that the contract was induced by misrepresentation of facts as to the condition thereof and as a result of which defendants were damaged in the sum of $8,500.

After trial the court found generally that defendants took possession of the equipment on July 30, retained it for 39 days, and during that period it was operated for a period of 21 days; that during the remaining 18 days it was not being used. It then found that at the time the equipment was leased to defendants the Office of Price Administration had not fixed a maximum or other rental price on said equipment but did on June 13, 1946, make an order fixing it at $82 per day; that the order provided that the rental of $82 should be retroactive and apply to all rentals of said equipment since May 22, 1942, whether said equipment was in use or not; that by the terms of the order there was due from defendants to plaintiffs rental in the sum of $82 per day for the period of 21 days and $75 per day for the period of 18 days, totaling $3,072, and that no part thereof had been paid except the

sum of $1,500, leaving a balance of $1,572. It then found that by the terms of the rental agreement defendants agreed that they would, at their own cost and expense, cause the equipment to be kept in good repair and would return it to plaintiffs in as good condition as when received, reasonable wear and tear from use excepted; that defendants failed to keep it in such repair and that by reason thereof plaintiffs were damaged in the sum of $2,098.30. Twelve hundred dollars was allowed as reasonable attorneys' fees. An additional sum of $54.75 was allowed for materials furnished to defendants by plaintiffs.

As to the counterclaim, the court found that the machinery and equipment was worn; that parts thereof did break down and that by reason thereof the drilling of the well was delayed, but found that it was not true that the machinery or equipment was unfit for the purposes for which the same was let and hired, but that it was leased under a written agreement providing that no warranty was made by the plaintiffs to the defendants as to its condition; that defendants inspected it before delivery and accepted it; that certain of the breakdowns of the equipment were without fault on the part of defendants, but found that the greater portion of them were caused by the fault of the defendants. It then specifically found that plaintiffs did not guarantee the machinery or equipment; that defendants did not rely upon any statements made by plaintiffs but relied upon their own inspection of the equipment as to the condition thereof. It found generally against the defendants as to their allegation of fraud. Judgment was entered accordingly.

 Defendants particularly attack the item of rental. They contend that at the time the contract here involved was executed the maximum price regulations had previously been established governing oil field machinery, citing O.P.A.— M.P.R. 134, 136, and a base date was fixed as of October 1st, 1941 (Rev. M.P.R. 136, p. 15); that a timely filing by plaintiffs of a list of rates and prices, etc., under said regulations was a condition precedent to a recovery by them; that the contract was contrary to the regulations and accordingly void and unenforceable, citing such cases as *Kellogg* v. *Howes*, 81 Cal. 170 [22 P. 509, 6 L.R.A. 588]; *Smith* v. *Bach*, 183 Cal. 259 [191 P. 14]; *Napa Valley E. Co.* v. *Calistoga E. Co.*, 38 Cal.App. 477 [176 P. 699]; *Rodgers* v. *United States*, 138 F.2d 992; and *Jacks* v. *Taylor*, 34 Cal.App. 95 [166 P. 858].

It is true that many of the Office of Price Administration regulations require, as a condition precedent to the making of a sale of equipment that a maximum price be first established. However, Maximum Price Regulations 136, section 14, paragraph 2, provides that the lessor may lease and deliver the product at the maximum rental rate proposed by him in his report, but he may not receive payment until the Office of Price Administration approves the proposed maximum rental rate, etc.

We find no provision in the regulations that prevents the making of a lease covering such equipment before the maximum price has been established. The prohibition contained therein runs against the collection of the rental before the proposed rent has been approved. Section 14b of the same regulations does provide for the filing of a report, setting forth the description of the product, the acquisition costs, the proposed rental rates, etc. When this report is to be filed, with relation to the time of the renting of the equipment is not stated in the regulations. Plaintiffs offered in evidence Exhibits 6, 7 and 9. Exhibit 9 was a letter from the Office of Price Administration dated June 13, 1948, advising plaintiffs that on October 9, 1945, it established a maximum rental rate for the rotary drilling rig, based upon the owner's valuation thereof. For reasons therein stated it revoked that order and method of calculating rates and established a new rate of $82 for a 24-hour day, and it is therein provided that "The above maximum rates may be charged throughout the period while the equipment is in the possession of the lessee," and "This Order shall become effective immediately and shall apply to all rentals of the subject equipment since *May 22, 1942.*" Defendants now claim that since the first order was issued on October 9, 1945, six days after the use of the equipment and rig by defendants had ceased, such order could not be retroactive so as to hold that the defendants had complied with O.P.A. Regulation No. 136, for the rental period for which plaintiffs seek recovery.

It would be an unjust and strained construction under Maximum Price Regulation 136, *supra,* and the orders issued from the Office of Price Administration, to hold that such order was not now retroactive to the date therein specified, i.e., May 22, 1942. The burden was on defendants to show that plaintiffs had not properly complied with the Office of Price Administration regulations and that they thereby for-

feited their rights under the contract. (*Balfour* v. *Heuer*, 77 Cal.App.2d 227 [175 P.2d 55].)

In *Basler* v. *Sharp & Fellows Co.*, 73 Cal.App.2d 480 [166 P.2d 403], this court had under consideration a contract for the recovery of rental for road building equipment wherein the defendant claimed the charges were in excess of those allowed by the Office of Price Administration regulations. The court there found that the agreed charges for rental had been reduced to meet the requirement of the Office of Price Administration and did not exceed the permissible maximum. In that case there was evidence that the plaintiff submitted the charges to the proper officials and received at least an implied approval thereof. The court specifically held that the respondent had made out at least a prima facie case and it was incumbent upon the appellant to produce the requisite evidence to support its contention that the amount claimed was in excess of that permitted, and held that the respondent "made an earnest attempt to comply with the regulation, and received at least implied approval of his charges."

Defendant has made no sufficient showing which would indicate that the judgment, as to the rental value of the machinery, should be disturbed.

Defendants claim that they should not be charged for certain items, due to repair work. They produced evidence, including a drilling log of the oil well, indicating that considerable money was paid out by them for repairs, in wages and time lost while waiting for repairs on the outfit.

In reference to this contention the contract itself appears to answer defendants' claim. It provides that the defendants must, at their own cost and expense, keep the equipment in good repair during the term of the agreement and replace any broken parts in the drilling machinery at their own expense. No exception is made therein for loss of time due to repairs.

As to the damages allowed plaintiffs for the failure of defendants to keep the machinery in repair, the contract specifically provides that defendants will, at the expiration of the rental period, redeliver the drilling equipment in as good a condition as when received and the cost of making those necessary repairs became immediately due and payable by defendants to the plaintiffs. There is sufficient competent evidence to support the finding of the court that repairs in the sum allowed for damages were necessarily incurred by plaintiffs in placing the equipment in its former condition after it was repossessed by them.

Although the evidence on the subject was conflicting, the finding that plaintiffs did not make any false or fraudulent representations to the defendants as to said machinery or equipment or its condition or its adaptability for the purpose for which it was leased, is supported by the evidence and cannot be disturbed on appeal. (*Chichester* v. *Seymour*, 28 Cal.App.2d 696 [83 P.2d 301].)

No other questions being raised, the judgment is affirmed.

Barnard, P. J., and Mussell, J., concurred.