## GOLDBERG v. STOUCK.
### No. 969.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 6, 1950.

Decided Nov. 15, 1950.

Maxwell A. Ostrow, Washington, D. C., for appellant.

Frank Paley, Washington, D. C., with whom Samuel Levine, Washington, D. C. was on the brief, for appellee.

Before CAYTON, C. J., and HOOD and CLAGETT, JJ.

CAYTON, Chief Judge.

Appellant, a certified public accountant, sued appellee for $2000, which he claimed to have earned in the preparation of an amended tax return and for services incidental to the sale of Stouck's interest in a corporation known as the 'Crown Company, Inc. The suit was defended on the ground that such services as appellant performed were rendered on behalf of and paid for by the corporation. The trial court found for defendant on the ground that the plaintiff had failed by a preponderance of the evidence to sustain the burden of proof and that whatever services the plaintiff rendered were performed in the capacity of accountant for the corporation.

Appealing from the decision, plaintiff seems to base his principal argument on the ground that the finding was contrary to the weight of the evidence. We have said many times that we have no right to review rulings on questions of fact. Appellant points to certain alleged admissions of defendant. Aside from the highly equivocal nature of such "admissions," the general purport of defendant's testimony was that he did not authorize plaintiff to perform any services for him, that he did not agree to pay him for any such services, and that the corporation had paid him separately therefor the sum of $3000 over and above his regular retainer fee from the corporation. Appellant did not deny receiving that sum from the corporation but insisted that he was entitled to receive separate and additional compensation from Stouck personally. From our study of the testimony, including the "admissions" and the conflicting testimony, we rule, paraphasing what was said in Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9, that the evidence was such that either of two different conclusions might reasonably have been drawn from it, and that if the testimony as a whole is not sufficient to show that the decision below was necessarily right, it wholly fails to show that it was necessarily wrong. Hence we would have no right to substitute our

own judgment as to how the case should have been decided on the facts.

■■ Appellant advances a further argument that he was entitled to recover on an account stated because he says defendant received and retained without objection the bill he had rendered for his services. We note that an account stated was not pleaded as a basis of recovery. We note also that the evidence was by no means clear as to when defendant received the bill or how long he retained it, and that there was no evidence at all that he ever approved it. The rule in this jurisdiction is that where a bill is rendered for professional services having no fixed market value and where no previous agreement is shown as to the amount to be paid, retention of the bill does not amount to an implied admission of the correctness of the amount claimed.[1]

■■ Another contention is made that appellant was entitled to recover because two certified public accountants, offered as experts, testified that such services as were rendered by the plaintiff were not ordinarily within the scope of an accountant's retainer by a corporation. In other words, appellant claims to have established his case by virtue of a custom. But there was direct evidence that such did happen and that plaintiff's services were rendered to and for the corporation, and we cannot say that the trial court was wrong in not basing its decision on the alleged custom. A custom, as we have said before, in order to be binding, must be shown to be the general usage of the trade and must be definite, uniform, and well-known and established by clear and satisfactory evidence.[2] It seems to us that in this case such persuasiveness as the testimony of the experts may have had was neutralized, if not entirely overcome, by the direct and factual evidence in the case.

What we have said disposes directly of the principal points on the appeal and incidentally of other contentions advanced by appellant.

Affirmed.

1. Chinn v. Lewin, 57 App.D.C. 16, 16 F.2d 512.

2. McDevitt v. Waple & James, D.C.Mun. App., 34 A.2d 39; Lucas v. Auto City Parking Co., D.C.Mun.App., 62 A.2d 557.