**TENDLER v. JAFFE et al.**

No. 10981.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 14, 1952.

Decided March 13, 1952.

Reargued Dec. 17, 1952.

Decided March 5, 1953.

Mr. Max Tendler, pro se.

Mr. Sheldon E. Bernstein, Washington, D. C., with whom Mr. John M. London, was on the brief, for appellees.

On Rehearing.

Mr. Harold Leventhal, Washington, D. C., with whom Messrs. John H. Burnett, Washington, D. C., and Max Tendler, pro se, were on the brief, for appellant.

Mr. Sheldon E. Bernstein, Washington, D. C., with whom Messrs. Alvin L. Newmyer and David G. Bress, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

This litigation involves disputed questions of amounts due by reason of work done by appellees for the appellant in repairing and renovating an old dwelling for use as offices and also for painting and decorating at his home. The District Court referred the matter to a special master under the provisions of Rule 53, Fed.Rules Civ.Proc. 28 U.S.C.A., which permits such reference in a jury case, as this is, only "when the issues are complicated." Rule 53(b). The Rule also provides that such reference shall be the exception and not the rule.

We dispose first of the objection made by defendant, appellant in this court, to the reference. Ordinarily a case of this kind, involving disputed factual issues concerning the agreement of the parties, including charges for work, is not to be referred to a master. There is danger that the jury function of fact finding might be unduly invaded, since, under sub-paragraph (e) (3) of Rule 53, the master's findings upon the issues submitted to him are "admissible as evidence of the matters found and may be read to the jury, subject to the ruling of the court upon any objections in point of law which may be made to the report." Such a case is tedious, but ordinarily is not to be considered so exceptional or complicated as to call for the assistance of a special master, which, furthermore, tends to increase costs. Adventures in Good Eating v. Best Place to Eat, 7 Cir., 1942, 131 F.2d 809. See, also, Los Angeles Brush Corp. v. James, 1927, 272 U.S. 701, 706, et seq., 47 S.Ct. 286, 71 L.Ed. 481, and Graffis v. Woodward, 7 Cir., 1938, 96 F.2d 329, 332, certiorari denied, 1938, 305 U.S. 631, 59 S.Ct. 95, 83 L.Ed. 404, both decided prior to the Rule. Here, however, the proceedings which eventuated before the master involved eleven hearings over a considerable period of time. The result of the reference, reflected in the record of the hearings, sufficiently supports the exercise of the court's discretion to refrain this court from disturbing the reference, though we conclude its costs, in the circumstances, should be borne equally by the parties rather than entirely by appellant. See United States v. E. J. Biggs Const. Co., 7 Cir., 1940, 116 F.2d 768, 775, where, under the special facts of the case the appellate court required a division of such costs different from that specified by the District Court.

The principal remaining issues concern the amounts due for the work done and the question whether appellees violated the Emergency Price Control Act of 1942.[1] Appellant defended on the ground, inter alia, that appellees had violated the Act and he also counterclaimed for treble damages under the Act.

The master found $7,153.13 to be the fair and reasonable value of the work and labor in connection with the offices. As to the home, he found that the sum of $1,500 which appellant had paid appellees for the work there, and its acceptance by them, constituted full settlement.

These findings of the master, introduced before the jury in accordance with the

---

1. 56 Stat. 28 (1942), 50 U.S.C.A.Appendix, § 904(a).

Rule,[2] were contested by evidence of appellant at the trial. The evidence as a whole, however, including the findings of the master, adequately supports the jury's verdict. This, in addition to costs, was for $9,120.25, composed of the above mentioned $7,153.13, with interest thereon at 6% from the date appellees had rendered their bill.

The trial court directed a verdict against appellant on his defense that appellees had violated the Emergency Price Control Act of 1942, supra, footnote 1, and regulations thereunder, ruling that appellant had not sustained the burden of proving the violations asserted. This ruling is supported by the record. Appellant's point on appeal is not to the contrary but that the burden of proving non-violation was cast upon the appellees. With this contention, however, we do not agree. Pappas v. Delis, 1947, 79 Cal.App.2d 392, 181 P.2d 61, certiorari denied, 1947, 332 U.S. 808, 68 S.Ct. 107, 92 L.Ed. 385; see, also, Balfour v. Heuer, 1946, 77 Cal. App.2d 227, 175 P.2d 55; contra, Cooperstown Cattle Co. v. Smith, 1949, 275 App. Div. 240, 89 N.Y.S.2d 89. Our view conforms with the general rule that the party asserting an affirmative defense has the burden of establishing it by the necessary proof. United States v. Poland, 1920, 251 U.S. 221, 227, 228, 40 S.Ct. 127, 64 L. Ed. 236; Cronan v. Cronan, 1917, 46 App. D.C. 343, 351, et seq.; District of Columbia v. Hamilton Nat. Bank, D.C.Mun.App.1950, 76 A.2d 60, 67.

On oral motion of appellees prior to trial the court dismissed the counterclaim of appellant insofar as it related to treble damages for alleged overcharges at the office premises, and during the trial ruled, we think correctly, that there was no question for the jury with respect to a like counterclaim involving work at the home. The counterclaim respecting the offices rested upon Section 205(e) of the Emergency Price Control Act of 1942, 56 Stat. 33 (1942), as amended, 50 U.S.C.A. Appendix, § 925(e), supra, in that, it was asserted, the charges demanded exceeded the selling prices or legal charges. The basis of dismissal of this counterclaim was that the provision invoked did not inure to the benefit of one engaged in a trade or business, and that appellant was so engaged. Appellant's argument is that this ruling was without evidentiary support when made. Appellees answer that the subsequent proceedings supplied the necessary evidence. Whether or not either of these contentions is sound, a remand for redetermination of this aspect of the case is not justified when it is remembered, as we have stated, that there is an absence of proof by appellant of any violation of the price control provisions.

Appellant contends that the court erred in permitting the jury to include interest in its verdict. Since the claim was unliquidated the applicable statutory provision is § 28-2708, D.C.Code (1940), which provides that, in an action for breach of contract, interest shall be allowed only from the date of judgment, but that the jury may include interest, as an element of damages, where necessary fully to compensate the plaintiff. See Dyker Bldg. Co. v. United States, 1950, 86 U.S.App.D.C. 297, 302-303, 182 F.2d 85, 90-91. Since the question of interest was submitted to the jury on an agreed instruction, appellant cannot now object to the submission; and the withholding by appellant of the amounts due for labor and materials furnishes an adequate basis for jury determination that interest should be added in order fully to compensate the appellees.

We have considered the other questions presented and find no prejudicial error. The judgment, as modified with respect to the costs of reference to the special master, accordingly is

Affirmed.

---

2. The constitutionality of the provision of the Rule permitting the findings of the master to be considered as evidence in a jury case was forecast in Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919, decided in 1920. Compare Holiday v. Johnston, 1941, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392, holding such a procedure inapplicable to habeas corpus cases.

## On Rehearing

On petition of appellant we granted a rehearing on the question whether it.was reversible error for the trial judge to have directed a verdict for appellees, the plain-tiffs, on appellant's defense based on alleged violation by appellees of price control laws and regulations. We requested attention to the question whether the burden of proving non-violation either rested upon or shifted to appellees, and the effect on this question of appellant's right to discovery. We have since had very substantial benefit from rebriefing and reargument.

■■■■■■ Appellant set up as an affirmative defense that appellees made charges in excess of maximum prices. The general rule, as stated in our original opinion, places the burden of proving an affirmative defense upon him who asserts it. This rule applies notwithstanding the facts relating to the defense are peculiarly within the knowledge of the adversary, as we assume them to be in the present case.[1] However, where that is true, if the one who asserts violation of law as a defense brings forward evidence from which such violation might be inferred, the party subject to this adverse inference who has special knowledge of the facts upon which the question turns must, to avoid the possibility that the trier of the facts shall draw such inference, go forward with countervailing evidence. See Porter v. Leventhal, 2 Cir., 1946, 160 F.2d 52, 58; 9 Wigmore, Evidence § 2489 (3d ed. 1940); Caswell v. Maplewood Garage, 1930, 84 N.H. 241, 254–256, 149 A. 746, 755–756, 73 A.L.R. 433. We read Fleming v. Harrison, 8 Cir., 1947, 162 F.2d 789, as requiring such a prima facie case to be made; we do not read Brown v. Mars, 8 Cir., 1943, 135 F.2d 843, 850, certiorari denied, 320 U.S. 798, 64 S.Ct. 368, 88 L.Ed. 419, as holding otherwise. In Selma, Rome &c. Railroad v. United States, 1891, 139 U.S. 560, 567, 11 S.Ct. 638, 640, 35 L.Ed. 266, as in Fleming v. Harrison, the question in substance was whether a defendant company was within an exception taking it out of a class generally liable, the facts with respect to the exception being peculiarly within its knowledge. The rule was laid down that such a party must assume "the burden of proof", as expressed in the Selma case, to support his case or defense, by facts peculiarly within his knowledge. This was the basis of decision in United States v. De Porceri, 2 Cir., 1947, 161 F.2d 526. There is a similar rule that proof of a negative averment must be made by the one who has peculiar knowledge of its subject matter, applied in United States v. Denver & R. G. R. R., 1903, 191 U.S. 84, 92, 24 S.Ct. 33, 48 L.Ed. 106, and in Rossi v. United States, 1933, 289 U.S. 89, 53 S.Ct. 532, 77 L.Ed. 1051. See, also, Williams v. United States, 1943, 78 U.S.App.D.C. 147, 138 F.2d 81, 153 A.L.R. 1213.

In Brown v. Mars, supra, there was proof of a reduction in weight without a corresponding reduction in price, which made a prima facie case of violation of the maximum price unless it were shown under the regulations that the decrease in weight was innocently caused by formulae changes, established manufacturing methods or both. It was held that the burden rested upon the manufacturing seller to prove the effect on decreases in weights caused by these factors, since "the general requirement of this remedial Act is strict adherence to established maximum prices and * * * permissible departures therefrom, caused by manufacturing formulae or methods, are in the nature of exceptions to the general application of this requirement." [135 F.2d 850.] The court added a "second reason" that the relevant evidence was peculiarly within the knowledge of the manufacturer, citing among other cases, Selma, Rome &c. Railroad v. United States, supra.

---

1. This assumption rests upon the manner in which the ceiling prices were established, involving estimated material and labor costs, other direct costs, estimated reserve for contingencies and selling margins previously obtained by appellees and therefore peculiarly within their knowledge. Revised Maximum Price Regulation No. 251, § 7(b), 9 Fed.Reg. 10200 (1944).

There is a further rule that the omission by a party to produce relevant and important evidence of which he has knowledge, and which is peculiarly within his control, raises the presumption that if produced the evidence would be unfavorable to his cause. Kirby v. Tallmadge, 1896, 160 U.S. 379, 383, 16 S.Ct. 349, 40 L.Ed. 463; Fidelity & Deposit Co. of Maryland v. Helvering, 1940, 72 App. D.C. 120, 126, 112 F.2d 205, 211. Such presumption aids the case of an opposite party having the burden of proof. See, also, Interstate Circuit v. United States, 1939, 306 U.S. 208, 226, 59 S.Ct. 467, 83 L.Ed. 610, and Foust v. Munson S.S. Lines, 1936, 299 U.S. 77, 86, 57 S.Ct. 90, 81 L.Ed. 49. This rule, however, is not one which determines who bears the burden of proof and, therefore, is not strictly pertinent to our present inquiry.[2]

The rule to be applied to the present situation, as we read the cases, including the numerous ones to which we are referred in the briefs, and though Cooperstown Cattle Co. v. Smith, 1949, 275 App.Div. 240, 89 N.Y.S.2d 89, is to the contrary, is that it was incumbent upon appellant not only to allege price violation but to introduce evidence from which an inference of such violation could be drawn, though the facts relating to the matter were peculiarly within appellees' possession. The situation is not like that discussed in Selma, Rome &c. Railroad v. United States, supra, and similar cases, where the burden was placed upon the possessor of facts regarding the exception relied upon to avoid liability.

Coming now to the impact of the principles stated on this case, we adhere to the view that appellees were not required to come forward with any evidence of their non-violation of applicable pricing provisions, other than that which was before the court. Taken as a whole the evidence did not furnish basis for an inference by the jury that appellees had made charges in excess of ceiling prices; and the case is not one where to avoid such inference appellees were under the necessity of bringing themselves within some exception as to which they possessed peculiar factual knowledge. It is true, as appellant points out, that the estimate made by appellees for the redecorating and painting at the K Street premises included some work which was not actually done and the price charged nevertheless remained as estimated. If this evidence stood alone and, alone, were to be considered with Revised Maximum Price Regulation No. 251,[3] which calls for a reduction in price when a change reduces costs, we assume for present purposes it would have supported an inference that the legal ceiling had been exceeded. But we do not accept this as a basis for decision, for the evidence referred to did not stand alone. Other uncontradicted evidence showed that there were substantial additions as well to the redecorating and painting as estimated. Aside from the master's finding of no violation, this uncontradicted evidence, with nothing to indicate the additions cost less than the omissions referred to, dissipated the prima facie case of price violation which otherwise might have existed. No adequate basis was left upon which the jury could have sustained the affirmative defense. The only evidence on the comparative cost of the omissions and additions was against appellant; one of the appellees testified he figured the extras balanced out in favor of appellant.[4]

2. It is also held that where evidence is peculiarly within the knowledge of the one charged or sought to be held liable, or, as here, the one charged with a violation which if true might adversely affect his claim, a prima facie case, or, as otherwise stated, one which supports an adverse inference, is made out by slighter evidence than would be required if the evidence were equally available to both parties. In re Chicago Rys. Co., 7 Cir., 1949, 175 F.2d 282, 290, certiorari denied sub nom. Illinois v. Sullivan, 338 U.S. 850, 70 S.Ct. 94, 94 L.Ed. 521; see, also, to the same effect 20 Am.Jur., Evidence § 132.

3. N. 1, supra.

4. It has been assumed that the painting and redecorating are severable from other types of work done. However, Revised Maximum Price Regulation No.

In view of the foregoing we need not consider the effect of discovery as it might have been available to appellant, for if there was no case for the jury on his claim that appellees violated the ceiling prices he is of course in no better position by reason of the possible availability to him, through discovery, of evidence within appellees' possession or knowledge.

We adhere to our previous decision.

251, § 7(b), n. 1, supra, refers to the type of job available in this case as "Lump-sum jobs * * * [f]or sales on the basis of a total selling price * * *". Whether treated as severable or not the result we state would be the same.