**UNITED STATES of America**

v.

**Aaron GOLDBERG.**

**Civ. A. No. 10479.**

United States District Court
E. D. Pennsylvania.

Dec. 2, 1955.

W. Wilson White, U. S. Atty., Philadelphia, Pa., for plaintiff.

H. E. Skaroff, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This is a contract action for the recovery of $1,840 with interest from June 11, 1946, for the sale by the plaintiff of five Waterbury Farrel punch presses to the defendant on the above date. Defendant admitted signing on May 6, 1946, a purchase order directed to the War Assets Administration, an agency of the United States of America, for the purchase of these presses for the above price on a form delivered to the War Assets Administration office in St. Louis, Missouri (P 1). This form stated that the presses were to be shipped by Trans-American Motor Truck to Kallor Machinery Company in New York City, and clearly listed defendant as purchaser, without any qualification to indicate that he was acting as agent. There appears on the form in the right top corner the number "11,-334" and below this number "D. O. 82515." Receipt of this offer to purchase

the five presses dated May 6, 1946, was acknowledged by the St. Louis office of the War Assets Administration by letter addressed to defendant in Philadelphia as offeror and dated June 10, 1946 (P 2). This letter bears the reference No. 11,334 and also has on it in pencil "D. O. 82515."

■ There was also received in evidence from the War Assets Administration files an Abstract of Account with defendant dated January 14, 1948, showing the shipment on August 2, 1946, under Document No. 82515, of undescribed assets to "Kallow Mchy. Co.," New York City (P 3). This Abstract of Account showed a debit entry of $1,840 beside the entry mentioned in the preceding sentence but, because of prior cash overpayments for other goods previously sold to defendant, the final balance owed by defendant is shown as $1,838.50. The objection of defendant to the receipt of P 3 in evidence on the ground that it contradicts previous evidence placed in the record, indicating that this was a sale requiring receipt of cash before delivery, is overruled.[1] I find that the presses were shipped on August 2, 1946, to the Kallor Machinery Company in accordance with instructions received from defendant and that they were received by that company.

■ Defendant offered in evidence War Assets Administration Invoice No.

82515, bearing also the number "11,334," showing the sale date as June 11, 1946, and the invoice date August 20, 1946 (D 1). This invoice covered five Assembly Presses for a total price of $1,840. It showed defendant as the purchaser and the Kallor Machinery Company as the destination. This invoice shows in the space headed "Terms" "Cash Rec'd. $1840.00."[2] Defendant does not contend in his answer that the full price was paid for these machines, but did testify that in May 1946 he paid a deposit of 25% of the $1,840. I find that any cash payment he made at this time was for other assets purchased by him and only $1.50 was paid on account of the purchase price of these five punch press machines.[3] I also adopt the facts recited above as findings of fact in this case.

■ The defense relied on by the defendant is that he bought these machines as agent for the Kallor Machinery Co. of New York City[4] and that any amounts owed for the machines is owed by that company. Mr. Kallor, of the Kallor Machinery Company (a disinterested witness), testified clearly and emphatically that he bought these presses from defendant for a price equal to the amount the defendant had to pay the Government, plus a 10% mark-up, and that defendant did not act as his agent in buy-

1. Although P 1 has printed on it the statement that "all sales are for cash before delivery unless credit arrangements are made," the testimony and D 1 make clear that the shipment was made before cash was received, either due to an error by the War Assets Administration in believing that the full price had been paid in cash prior to the date of shipment or because this Government agency kept a running account with defendant and expected to receive payment after shipment. There was no testimony at the trial that payment in full had been either made or received at any time. The defendant had previously. made purchases from the War Assets Administration, which agency had a running account in his name.

2. P 3 and the testimony of defendant that he had several transactions with the War Assets Administration earlier in 1946 make clear that only $1.50 had been paid on account of the sale price of these machines.

3. P 3 shows that payments in a total amount of $2,468.50 were posted as debits in the account of Aaron Goldberg with the War Assets Administration on May 24, 1955. The only logical inference from the evidence is that this 25% deposit was included in these payments of $2,468.50. The defendant admitted in his answer that he had not paid for these machines and Mr. Kallor testified that he had never paid plaintiff for the machines.

4. See paragraph 3 of the Answer.

ing these machines from the Government. Also, most of defendant's testimony is not inconsistent with a purchase by him from the War Assets Administration and a resale to the Kallor Machinery Company, even though he apparently thinks he was acting as agent only and testified that he so informed a representative of the War Assets Administration.[5] Finally, all the documents state that there was a sale from the War Assets Administration to defendant without any indication that he was acting as agent.

In view of this evidence in the record, I find that defendant has not sustained the burden of proving that he acted as agent for a disclosed principal, the Kallor Machinery Company.[6] Even if the Kallor Machinery Company was an undisclosed principal, plaintiff would be entitled to judgment against defendant. See Restatement of Agency, § 322; Aber v. Pennsylvania Co. for Insurance on Lives and Annuities, 1921, 269 Pa. 384, 112 A. 444; Beymer v. Bonsall, 1875, 79 Pa. 298; Horwath v. Simon, 1929, 95 Pa. Super. 410.

Since there is no evidence of any date prior to August 2, 1946,[7] on which payment was due by defendant and P 3 constitutes an admission by plaintiff that the amount due it is $1,838.50, judgment will be entered in the amount of $1,838.-50, with interest at 4% from August 2, 1946. See Royal Indemnity Co. v. United States, 1941, 313 U.S. 289, 295–297, 61 S.Ct. 995, 85 L.Ed. 1361; Cf. Pennsylvania Act of May 28, 1858, P.L. 622, as amended, 41 P.S. § 3.

---

**5.** The testimony that defendant orally informed an employee of the War Assets Administration that he was acting as agent in the transaction is inadmissible, since P 1, P 2, and D 1 form an integrated written contract of sale. See § 323 of the Restatement of Agency; Horwath v. Simon, 1929, 95 Pa.Super. 410, 414.

**6.** It is clear that defendant has the burden of proving the affirmative defense stated in his answer that he acted as

agent for a disclosed principal, in view of the written evidence submitted by plaintiff showing a sale to defendant. See F.R.C.P. 8(c), 28 U.S.C.; J. M. Robinson, Morton & Co. v. Tuscaloosa Mills, 5 Cir., 1911, 183 F. 966; Tendler v. Jaffe, 1953, 92 U.S.App.D.C. 2, 203 F.2d 14, 18, certiorari denied 346 U.S. 817, 74 S.Ct. 29, 98 L.Ed. 344.

**7.** P 1 states that payment is due prior to shipment and P 3 states that shipment date is August 2, 1946.