Persis Judd WEAVER and Claude Weaver,
Appellants,

v.

Edmond DU PONT et al., trading as Francis
I. DuPont & Company, Appellees.

No. 1710.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 21, 1955.

Decided Jan. 11, 1956.

Claude B. Weaver, with whom Persis Judd Weaver was on the brief, appellants, pro se.

Robert I. Rudolph, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

DuPont and Company, stockbrokers, sued Claude Weaver and his wife, Persis

Judd Weaver, to recover a deficiency resulting from the resale of bonds which defendants had allegedly bought and refused to pay for.

DuPont's suit was based on the claim that Mr. Weaver had ordered the purchase of certain defaulted railroad bonds at a price not to exceed 3½ "flat." DuPont bought the bonds at 2½ "flat" on December 21, 1953, and payment not having been received by December 31, 1953, the bonds were resold at 1⅓. DuPont brought this suit for the loss incurred.

Plaintiff's sales representative testified he twice called Claude Weaver at his Washington address demanding payment, and that Weaver told him on the second occasion that he did not intend to pay for the bonds. Plaintiff's local manager testified that after the resale of the bonds he also twice demanded that Weaver pay the deficiency and that Weaver refused.

Weaver testified he was not in Washington during the time when plaintiff's alleged calls were made, but was then at his residence in Connecticut. He was supported in this claim by his wife.

The trial judge sitting without a jury found for plaintiff, thereafter took additional testimony following defendants' motion for new trial, and later entered judgment for plaintiff against both defendants.

■ Defendants say the trial court erroneously ruled that the term "flat," when used "in connection with defaulted bonds, meant other than the price quoted was the actual selling price * * * without being multiplied by 100, or any other factor." The record does not disclose that the court ever made such a ruling. The only evidence offered to explain the term "flat" was that of plaintiff's manager who said that 2½ "flat" meant "$25.00 per bond without interest." If defendants wished to establish the term had a different meaning, it was incumbent upon them to introduce evidence showing a generally accepted usage in bond transactions and that such was or should have been known and understood by plaintiff. For a custom or usage to be binding on the parties to a transaction it must be definite, uniform, and well known, and should be established by clear and satisfactory evidence. Goldberg v. Stouck, D.C.Mun.App., 76 A.2d 785; Lucas v. Auto City Parking Co., D.C.Mun.App., 62 A.2d 557. Here the defendants made no attempt to prove a custom, or that plaintiff's explanation of the trade term was inaccurate or invalid.

■ We rule that the trial judge was entitled to accept plaintiff's testimony as to its meaning. Also he was clearly right in accepting the stipulation made in open court during the trial, that the amount sued for represented the difference between the purchase price of the bonds and the price at which they were resold. See Niosi v. Aiello, D.C.Mun.App., 69 A.2d 57.

■ It is argued that "no evidence was offered to connect defendant Persis Judd Weaver with the subject matter of this action." This contention has no merit. Plaintiff's testimony was that the bonds were bought in Mrs. Weaver's name by her husband and that confirmations of the original sale as well as the resale were sent to her in Connecticut. Mrs. Weaver offered no contradiction of this testimony; nor was any motion for dismissal made in her behalf.

■■ Another contention is that the judge should not have dismissed the counterclaim of Mr. Weaver in which he sought damages for injury to his reputation. We think the judge could not have done otherwise, since no evidence was offered in support of the counterclaim. It is fundamental that a party asserting an affirmative defense has the burden of proceeding to prove it. Tendler v. Jaffe, 92 U.S.App.D.C. 2, 203 F.2d 14, certiorari denied 346 U.S. 817, 74 S.Ct. 29, 98 L.Ed. 344.

We have studied other contentions advanced on this appeal, and we are satisfied that they are without substance. The record reveals no error.

Affirmed.