# UNITED STATES *v.* DENVER AND RIO GRANDE RAILROAD COMPANY.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 20. Argued October 14, 1903.—Decided November 9, 1903.

Where, in an action by the United States against a railroad corporation for the conversion of logs cut from government lands, the defendant admits the taking but justifies its action under a statute permitting it to take timber for construction and repair of its railway, the burden of proving that the logs were taken and used in accordance with the statute is upon the defendant. *Northern Pacific R. R. Co.* v. *Lewis,* 162 U. S. 366,

This burden cannot be shifted to the plaintiff because the timber was cut by an agent of the defendant. The presumption attaching to public officers that they act within the scope of their authority does not apply to agents of private persons sued for conversion.

THIS was an action of trover brought by the United States against the railroad company for the value of certain logs cut upon the plaintiff's lands. The declaration averred simply that the "defendant converted to its own use plaintiff's goods; that is to say, logs, lumber and timbers, . . . manufactured out of trees theretofore standing and growing upon certain lands of the plaintiff," therein described.

The defendant pleaded not guilty, issue was joined, the case tried before a jury, which was instructed to return a verdict for the defendant.

The case was submitted upon an agreed statement of facts, which showed that the New Mexico Lumber Company cut from the lands described in the declaration 2,100,000 feet of lumber, which was furnished to and received by the railroad company for its use.

Upon these facts, and proof of the ownership of the lands, and of the value of the lumber cut, the plaintiff rested.

The defendant also offered an agreed statement of facts, in which it appeared that it was the successor of the Denver and Rio Grande Rail*way* Company, and that by act of Congress of June 8, 1872, c. 354, 17 Stat. 339, and amendatory act of March 3, 1877, c. 126, 19 Stat. 405, "the right of way over the public domain . . . and the right to take from the public lands adjacent thereto, stone, timber, earth, water, and other material required for the construction and repair of its railway and telegraph line," was granted to the Rio Grande Railway Company, of which the defendant was entitled to the benefit. The amendatory act of 1897 merely extended the time for the completion of the railway from five to ten years, and is not material to this controversy. Defendant also offered testimony showing the appointment of the New Mexico Lumber Company as its agent for the cutting of such timber for the purposes mentioned, and that the lumber delivered to the railroad company was furnished upon specific orders given to

the Lumber Company as its agents. There were other facts included in the statement which are immaterial upon this writ of error.

No testimony was offered by either party tending to show whether the timber cut from the lands and received by the defendant was required for the construction and repair of its railway and telegraph line.

The jury, under instructions of the court, returned a verdict of not guilty, and judgment was entered for the defendant, which was affirmed by the Supreme Court. 66 Pac. Rep. 550.

The case was first tried in 1897, a verdict for plaintiff returned, the case carried to the Supreme Court, which reversed the judgment of the court below upon the ground of erroneous instructions with respect to the burden of proof. 9 N. Mex. 382.

*Mr. Marsden C. Burch* for the United States.

I. The lower courts erred in refusing to direct a verdict for plaintiff and in directing a verdict for defendant. All of the facts which would warrant such an instruction were not denied but were included in the agreed facts, viz., that the lands from which the timber was cut were lands of the United States; that the timber was delivered to the defendant for its use; and the value of the lumber. The defence relied upon was simply the two acts of Congress which were not so pleaded as to permit the defendant successfully to rely upon them. Assuming that the government's contention with respect to it is correct, the court should have directed the verdict as requested by counsel for the government. The direction to the jury to find a verdict for the defendant is based upon the holding that the burden of proof was upon the government to show that the lumber was not used for the purposes contemplated by the acts of Congress, under which the defendant claimed a license, the government not having introduced any evidence to show such a misuser.

II. In holding that under the plea of "Not guilty" the defendant could put the statutes of June 8, 1872, and March 3, 1877, in evidence under which the defendant sought to justify

the admitted taking by claiming the right to take timber for certain specified purposes. But no proper foundation was laid for such a defence by the mere "Not guilty." In trover, all matters of confession and avoidance must be specially pleaded. License from the plaintiff must be specially pleaded. 1 Chitty, 655. Where a party has occasion to rely on a private statute, he must *set forth* such parts of it as are material. Stephen on Pleading, par. 347. Leave and license must be specially pleaded. Ency. Pl. & Pr. vol. 1, p. 848.

The code of New Mexico prescribes certain short forms of pleas. Par. 53 gives a short form of a denial of the wrong alleged, "Not guilty." That was the plea adopted by the defendant. Par. 54 is a plea of confession and avoidance and is the one that should have been used. It is " that he did what is complained of by plaintiff's leave." The form given in par. 54 is a short form of special plea. For interpretation of like statutes, see *Mack* v. *Lancashire Ins. Co.*, 1 Fed. Rep. 193; *Walker* v. *Flint*, 11 Fed. Rep. 31; *Clifford* v. *Dam*, 81 N. Y. 53.

III. The burden of proof was not upon the government to show that the timber taken was *not* used for purposes specified in the act of Congress; if it were the government would be compelled not only to prove negative matters, but matters resting peculiarly within the knowledge of the defendant. *United States* v. *Gumm* decided by New Mexico Supreme Court, 1889; Starkie on Evidence, par. 509; *Commissioners* v. *Towle*, 138 Mass. 490; *Stone* v. *United States*, 64 Fed. Rep. 667; *Selma, Rome & Dalton Ry.* v. *United States*, 139 U. S. 560; *Northern Pacific Ry.* v. *Lewis*, 162 U. S. 366, directly decisive of this question.

*Mr. Joel F. Vaile*, with whom *Mr. Edward O. Wolcott*, *Mr. Charles Watermen* and *Mr. Edward L. Bartlett* were on the brief, for defendant in error:

I. The declaration was modeled after the New Mexico statute and defendant drew its plea in accordance therewith. By express provision of the statute the plaintiff, under its declaration as framed, could raise any issue and introduce any

evidence that could be introduced under any common law form of declaration in trover and conversion, and as defendant's plea was in form prescribed by the statute, it was sufficient to permit it to offer any evidence which could have been introduced under such form of plea at common law. As the action was modeled upon a special statute, the government cannot insist that the common law rules of pleading have any applicability whatever.

The sufficiency of the plea was reviewed upon the first writ of error in this case in the Supreme Court of New Mexico, and its sufficiency was necessarily, although not expressly, settled by the former decision. *D. & C. R. R. Co.* v. *United States*, 9 N. M. 382, 386. No contention was made as to the insufficiency of these pleadings upon the first trial and the decision on that first review concluded a consideration of it in the second review. 2 Van Vleet's Former Adjudication (1895), 1321 –22; *Davis* v. *McCorkle*, 14 Bush (Kentucky), 746; *Henderson* v. *Henderson*, 3 Hare, 115; *Bradelbane* v. *Chandos*, 2 M. & C. 711. The defendant's plea was sufficient at common law. 2 Greenleaf on Evidence, 96, par. 648; *Nichols* v. *Minn., etc., Mfg. Co.*, 70 Minnesota, 528; *Johnson* v. *Williams*, 48 Vermont, 565, 570; *Wallace* v. *Robb*, 37 Iowa, 192.

II. The burden of proof was properly held to be upon the government to show that the timber was used for purposes not contemplated by the act of Congress.

The declaration was in the most general terms, and must in law be interpreted as charging a *wrongful* conversion of this property, and it was correctly decided that the "sole issue is, whether a wrongful conversion has been committed?" *D. & R. G.* v. *United States*, 9 N. M. 382–386.

III. The government must prove that the defendant exceeded the limits of its authority in taking the timber, or that having taken it for specified purposes, it was illegally misused. Until the plaintiff shows some element of wrongfulness, the defendant must be presumed to have acted within its lawful rights. In actions of trover the burden of proof is upon the *plaintiff* to show the wrongful taking. *Cooper* v. *Chitty*, 1 Burrows, 20, 31; *Keyworth* v. *Hill*, 3 B. & A. 687; *Bur-*

*roughs* v. *Bayne*, 5 Hurls. & N. 296; *Pillot* v. *Wilkinson*, 2 Hurls & N. 72; 1 Greenleaf on Evidence (16th ed.), 148; 6 Wait's Actions and Defenses (1879), pp. 44, 70, 129, 142, 163, 221; *Burnham* v. *Noyes*, 125 Massachusetts, 85; *Rast* v. *Dillon*, 27 S. W. Rep. 497; *Waring* v. *Penn. R. R. Co.*, 76 Pa. St. 491, 496; 1 Chitty on Pleading (16th Am. ed.), pp. 165, 172; Addison on Torts (Wood's ed. 1878), pp. 554, 556.

IV. In all cases of trover the plaintiff must first establish the *wrongfulness* of the conversion before he is entitled to put the defendant upon proof. Some authorities hold that the burden of establishing a special grant, right, license or privilege is upon the party asserting such grant, right, license or privilege, but they also hold that when such right or license is established, the presumption of law is that it has been properly exercised, and the burden is upon the other party. *United States* v. *Reder*, 69 Fed. Rep. 965. *United States* v. *D. & R. G.*, 31 Fed. Rep. 889, was overruled in 34 Fed. Rep. 858, and 150 U. S. 1.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

As plaintiff alleged simply a conversion of logs, and defendant pleaded the general issue of not guilty, plaintiffs made a *prima facie* case by proving their ownership of the lands, the cutting and asportation of the timber, its value and its subsequent possession by the defendant. Here they were entitled to rest, and did rest. They were under no obligation to put in the special acts of Congress, nor could defendant compel their introduction by them.

By the laws of New Mexico of 1889 certain forms of pleadings are prescribed, including forms of pleas in actions for wrongs, one of which is that the defendant " is not guilty of the wrong alleged," and another " that he did what is complained of by the defendant's " (mistake for plaintiff's) " leave."

Whether it was competent, under the plea of not guilty, to introduce the special acts of Congress in question we do not

find it necessary to decide, but assuming that the defense could be made, it is clear that upon the introduction of the statute of 1872 it became necessary for the defendant to assume the burden of producing evidence tending to show that the public lands were adjacent to the right of way, and that the timbers cut were required for the construction or repair of its railway or telegraph line. This is not a question of pleading, but of the order of proof. There was a question of adjacency made in the court below which is not pressed here, and the case was argued substantially upon the question as to which party had the burden of showing the purpose for which the timber was cut.

Except in a single particular, hereinafter noticed, we think this case is practically controlled, with respect to the burden of proof, by that of the *Northern Pacific R. R. Co.* v. *Lewis,* 162 U. S. 366, decided in 1896. That was an action against the railroad company for negligence in burning certain cordwood belonging to the plaintiffs. To prove ownership, plaintiffs showed that they had entered upon a portion of the unsurveyed lands of the United States, chopped about 10,000 cords from the timber thereon standing, and that after it was cut it was piled up near the railroad. For authority to cut the wood plaintiffs relied upon an act of Congress of June 3, 1878, 20 Stat. 88, the first section of which authorized *bona fide* residents of the State to fell and remove, for building, agricultural, mining or other domestic purposes, timber growing on the public lands, " said lands being mineral and not subject to entry under the existing laws of the United States, except for mineral entry, . . . subject to such rules and regulations as the Secretary of the Interior may prescribe." Plaintiffs insisted that, in the absence of any evidence to the contrary, the presumption was that when they cut the timber they complied with and came under the conditions provided for in this act, and that the burden rested upon the defendant to show that the conditions mentioned in the act had not been complied with by them. The court held that if plaintiffs had acquired the right, by reason of a compliance with the statute, the facts should have been shown by them ; that the presump-

tion was that the cutting was illegal, and that the burden of proof was upon the plaintiffs to show the facts which brought them within the statute of 1878.

In *United States* v. *Cook,* 19 Wall. 591, which was an action of replevin to recover possession of certain logs cut by Indians upon a reservation, and sold to Cook, it was held that the Indians, having only the right of occupancy, could not cut the timber for the purposes of sale, and that it was incumbent on the purchaser to show that the timber was rightfully severed from the lands.

The only feature distinguishing the case under consideration from that of *Lewis* is that the timber was cut, not by the defendant corporation, but by the New Mexico Lumber Company acting as its agent, and was subsequently furnished and delivered to the defendant. It is insisted that there is a presumption that the agent, having authority to cut, acted within the scope of his authority, and that this would of itself throw upon the plaintiff the burden of showing that it had not. Although a presumption of this kind may attach to the acts of public officers, we know of no case holding that a party sued for a conversion by his agent may shield himself under a presumption that the agent acted within the scope of his authority. If the burden of proof would rest upon the defendant to show the cutting of timber for a proper purpose, evidently it could not shift that burden upon the plaintiff by employing an agent to do the work.

Upon principle, as well as upon authority, a party who has been shown to be *prima facie* guilty of a trespass, and relies upon a license, must exhibit his license and prove that his acts were justified by it. The practical injustice of a different rule is manifest. It would require the plaintiff not only to establish a negative, that is, that the timber was *not* cut for the purpose of construction and repair, but to establish it by testimony peculiarly within the knowledge of the defendant. As the cutting in this case was done by agents and servants of the defendant, it would impose upon the plaintiff a difficult if not an impossible task to require them to show that the timber was not cut for the construction or repair of the railway, though

evidence that it was so cut could be readily produced by the defendant. It is a general rule of evidence, noticed by the elementary writers upon that subject, 1 Greenl. Ev. sec. 79, " that where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party." When a negative is averred in pleading, or plaintiff's case depends upon the establishment of a negative, and the means of proving the fact are equally within the control of each party, then the burden of proof is upon the party averring the negative; but when the opposite party must, from the nature of the case, himself be in possession of full and plenary proof to disprove the negative averment, and the other party is not in possession of such proof, then it is manifestly just and reasonable that the party which is in possession of the proof should be required to adduce it; or, upon his failure to do so, we must presume it does not exist, which of itself establishes a negative. *Great Western R. R. Co.* v. *Bacon*, 30 Illinois, 347; *King* v. *Turner*, 5 M. & S. 206. Familiar instances of this are where persons are prosecuted for doing a business, such, for instance, as selling liquor without a license. It might be extremely difficult for the prosecution in this class of cases to show that the defendant had not the license required, whereas the latter may prove it without the slightest difficulty. In such cases the law casts upon the defendant not only the burden of producing his license, but of showing that it was broad enough to authorize the acts complained of. *Commonwealth* v. *Rafferty*, 133 Massachusetts, 574; *Commonwealth* v. *Towle*, 138 Massachusetts, 490. As the license (the statute in this case) authorized the timber to be cut only for a specific purpose, and the means of proof, as to the purpose for which the timber was cut, were peculiarly within the knowledge and control of the defendant, we think the burden of producing evidence to that effect devolved upon it.

This burden, however, which was simply to meet the *prima facie* case of the government, must not be confounded with the preponderance of evidence the establishment of which usually rests upon the plaintiff. *Heineman* v. *Heard*, 62 N. Y.

448; *Willett* v. *Rich*, 142 Massachusetts, 356; *Wilder* v. *Cowles*, 100 Massachusetts, 487; *Central Bridge Corporation* v. *Butler*, 2 Gray, 130. If this were a criminal case it would undoubtedly rest on the government upon the whole evidence to satisfy the jury beyond a reasonable doubt that the timber was not cut for the construction or repair of the railway.

While the Supreme Court of New Mexico upon this second writ of error may have considered itself bound by its decision upon the question here involved upon the first writ as the law of the case, we are not ourselves restrained by the same limitation. As its judgment upon the first writ was merely for a reversal of the court below and for a new trial, such judgment, not being final, could not be made the subject of a writ of error from this court. Upon the present writ, however, we are at liberty to revise the action of the court below in both instances.

There was error in requiring plaintiff to assume the burden of showing that the timber was not cut for purposes of construction or repair, and

*The judgment of the Supreme Court is therefore reversed, and the case remanded to that court with instructions to order a new trial.*