**Joe I. MORRISON, Appellant (Defendant below),**

v.

**A. E. REILLY, Appellee (Plaintiff below).**

**No. 4199.**

Supreme Court of Wyoming.

July 13, 1973.

Tim Watt, Gillette, for appellant.

William G. Watt, Gillette, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE and McINTYRE, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

Reilly, appellee herein, asserted a claim against Morrison, appellant herein, upon a contract in the sum of $22,000 including interest. Upon the trial thereof, the district court granted judgment against the appellant in the sum of $8,333.36 plus costs, and it is from that judgment this appeal is pursued.

After a course of business dealings during which Reilly advanced Morrison a considerable sum of money, on July 2, 1963, they entered into an agreement by virtue of which Morrison agreed to pay Reilly a total sum of $22,000, $17,000 being principal and $5,000 interest. This was to be paid in installments and certain stock certificates representing stock in the Recursos Consolidados De Mexico were deposited by Morrison with D. R. Coleman for release when certain payments were made. Because of some misunderstanding and the need for clarification, on October 2, 1963, a supplemental agreement was made. This provided, among other things, that Reilly might receive the stock certificates from Coleman in event of default and after one week's advertisement might sell the same and apply the proceeds to the indebtedness. Appellee never advertised or sold said stock, contending he delivered it to the Mexican officials investigating the operations of Morrison. There was an additional clause as follows: "Moneys mentioned therein are United States Dollars." The only testimony herein would imply that this clause was directed at the amount of the indebtedness and to settle the question whether this total was based upon United States dollars or Mexican pesos. The original instrument was written with the conventional dollar sign and it is indicated from the record that this might raise some confusion in dealing with the two currencies.

Appellant asserts, "There is no evidence in the record to justify giving a judgment to Appellee against the Appellant in the amount of $8,333.36" and contends that it is impossible to rationalize any theory whereby the court could find that the appellant owed the appellee this sum. Appellant attempts to sustain this contention upon the theory expressed in oral argument that the amount of the judgment was arrived at by granting to appellee the judgment in the full sum of $22,000, which would be due and owing on the contract, and that the court in charging plaintiff with the value of the stock deposited with this agreement as collateral and necessarily based the computation of the stock value in pesos as contrasted to dollars; and that the only evidence in the record as to the value of the stock was appellant's testimony that he had sold certain of these shares for $8.00 per share American money and because of this uncontradicted testimony the court was obligated to compute this offset or credit based upon the value of the American dollar at $8.00 per share. Appellee concedes that this was the basis of the court's ruling but contends that it was proper to allow such credit based upon the value of the stock as expressed in pesos (one dollar to twelve pesos—being 66⅔ cents based upon American dollars) but tacitly admits that upon this basis there was a clerical error in the computation of an even $1,000 and asserts no objection to the reduction of the judgment in that amount. Appellant does not suggest that the judgment in the face amount of the contract was not properly awarded, but confines himself to the area of controversy as above set out—now claiming that the stock was worth far in excess of the amount owed and in fact was worth $176,000.

Both briefs herein are unique but have little else to commend them; nor are they helpful. Both parties cite only the headnote from 5 C.J.S. Appeal and Error § 1460, p. 634, under the heading of "General Rules," which sets out summarily that a judgment will be upheld if supportable on any theory in absence of findings of facts or conclusions of law. Because no objec-

tion was made by appellee and his tacit admission of the incorrectness of the face amount of this judgment, we will not reach the question of the sufficiency of these briefs under Rule 12 of this court.

■ It is to be noted that Morrison testified that sometime during 1963 or 1964 he sold certain stock in this company for $8.00 a share American money. He, however, did not testify as to any of the details of this sale nor the date of such sale, nor did he suggest in his testimony that this was the market or true value. It is doubtful that market value can be established in such manner or that the court would be bound thereby. Particularly is this true in view of the fact that this was a highly speculative stock. Appellant's contention that the trial court is bound because of this testimony simply does not follow. This might be sufficient to establish such value; however, conceding arguendo that it might be sufficient to establish value, the trial court is not bound in all events to accept such testimony, Ward v. Yoder, Wyo., 355 P.2d 371, 373–374, rehearing denied 357 P.2d 180. Morrison's credibility is certainly not enhanced by the fact that he apparently stood on an accord and satisfaction. This was argued by his attorney. It might be considered most unusual that he now suggests a value for this stock of $176,000 as an agreed settlement of a $22,000 claim. Nor was it suggested by way of counterclaim that he should recover the value for this stock in that amount, which would have been a much more solid claim than the counterclaims which were asserted.

Additionally, the original contract provided not for the deposit of 22,000 shares of this stock but $22,000 "nm" worth of this stock, which means, according to Coleman, appellant's witness, "moneda nacional" or pesos. This in itself is not consistent with a claim that the value of the stock was $8.00 American money in 1963.

■ There is also another general rule, which appellant does not recognize or mention, and that is that the burden of proof is on the party asserting the affirmative of any issue, and when he asserts it by way of accord and satisfaction or payment the burden of proof is upon him, and from our discussion of the testimony of Morrison we are not satisfied he sustained such burden of proof of value of this stock, *First National Bank of Morrill v. Ford*, 30 Wyo. 110, 216 P. 691, 693, 31 A. L.R. 1441; *Castor v. Rice*, 71 Wyo. 99, 254 P.2d 189, 193.

It is therefore apparent that the judgment is supportable and that it should be affirmed in the amount of $7,333.36 in reliance upon appellee's admission of error of $1,000.

Affirmed as modified.