**Anne DEMP**

v.

**EMERSON ENTERPRISES et al.**

Civ. A. No. 80–1376.

United States District Court, E. D. Pennsylvania.

Nov. 10, 1980.

Henry J. Sommer, Bruce Fox, Philadelphia, Pa., for plaintiff.

Robert R. Guzzardi, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

GILES, District Judge.

Plaintiff, Anne Demp, seeks damages against several defendants including her landlord for allegedly obtaining a judgment by confession wrongfully and, thereafter, causing execution upon and collection from her bank account which contained funds exempt from execution. The complaint asserts violations of the due process clause of the fourteenth amendment, 42 U.S.C. § 1983, and 42 U.S.C. § 407. There are also pendent state claims. Defendants Emerson Enterprises and Louis Blumberg have moved to dismiss pursuant to Rule 12(b)(2) and (6), Fed.R.Civ.P., without affidavits. They allege that the court lacks subject matter jurisdiction since the confessed judgment must be given *res judicata* effect under 28 U.S.C. § 1738, and because the action is barred by laches. They allege further that the complaint fails to state a claim upon which relief can be granted

since plaintiff has failed to allege either the existence of state action, a lack of notice of post-judgment garnishment proceedings or the unavailability of relief through a petition pursuant to Pa.R.Civ.P. 3121(d) to the Court of Common Pleas. Defendants allege that the claim under 42 U.S.C. § 407, which protects social security funds from garnishment, is not actionable since defendants are not alleged to have had pre-execution notice of the existence of such funds and, in any event, the funds were commingled with non-exempt funds.

For the reasons set forth below, defendants' motion shall be denied.

■ In considering a motion to dismiss, the allegations of the complaint must be taken as true and all reasonable inferences that flow from them must be viewed in the light most favorable to plaintiff. *Empire Abrasive Equipment v. Watson,* 567 F.2d 554, 557 (3d Cir. 1977). The complaint states that plaintiff is a widow whose only source of income is benefits received under the Social Security Act. At all times material to the complaint, her annual income was less than $10,000. On September 13, 1978, pursuant to notice, plaintiff vacated premises leased from defendants, having resided there for a period of one year. On October 6, 1978, on the basis of lease provisions, defendants filed a complaint for confession of judgment against plaintiff in the Philadelphia Court of Common Pleas and subsequently obtained a judgment for an amount covering rentals for the ensuing year, together with attorney's fees. On October 30, 1978, defendants filed a praecipe for execution and directed the Sheriff of Philadelphia County to garnish the plaintiff's bank account. By reason of the garnishment action the bank account, which contained mostly funds exempt from execution under federal and state law, was frozen by the bank. On November 27, 1978 the bank turned over to defendants the garnished sums, which included deposits of social security benefits made after the service of the writ of execution. Defendants are alleged to have knowingly acted wrongfully and in concert with county officials in obtaining an invalid judgment and in causing execution upon that invalid judgment.

■ Much of defendants' motion to dismiss rests upon the contention that there was a valid state court judgment in the first instance and that plaintiff failed to challenge in state court the judgment after it was obtained. Assuming, as we must, that plaintiff's income was less than $10,000 and was certified correctly to the Philadelphia County Prothonotary, a valid judgment could not have issued, *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). Absent a showing of intentional, understanding, and voluntary waiver of the constitutional right to notice and hearing, the judgment itself was unconstitutional. Therefore, defendants' *res judicata* argument asserted under 28 U.S.C. § 1738 is not well taken. There could not have been a valid and binding judgment as a matter of law.

Defendants' argument as to the adequacy of notice and procedures for relief under Pa.R.Civ.Pro. 3121(d) need not be reached but if it were it would have to be reviewed in light of the Third Circuit's ruling in *Finberg v. Sullivan,* 634 F.2d 50 (3d Cir. 1980) *en banc.* There, it was held under similar circumstances, that Pennsylvania's post-judgment garnishment provisions are inadequate notice-wise, conflict with the social security exemption under 42 U.S.C. § 407 and are invalid under the Supremacy Clause. At 62, 63.

■ Furthermore, even in state court, a confessed judgment is subject to direct attack. Pa.R.Civ.Pro. 2959; *see Cotco Leasing Co. v. Uiterwyk Corp.,* No. 80–706 (E.D.Pa. Aug. 15, 1980) (Memorandum and Order of Judge Fullam staying enforcement of confessed judgment). Under Pa.Rule Civ.Pro. 2959(b), if a petition for relief from a confessed judgment shows *prima facie* grounds, the judge must issue a show cause order. If the petitioner then presents evidence "which in a jury trial would require the issues to be submitted to the jury," the judgment must be reopened. *Id.* 2959(e). In this case, plaintiff alleges that she notified defendant that she would vacate her

apartment at the end of the lease term, and did vacate. Thereafter defendant confessed judgment for rent not owed for the following term of the terminated lease. Complaint ¶¶ 7–10. Were this case in state court, these allegations would, no doubt, satisfy the *prima facie* requisite under Rule 2959(b). If supported by evidence, the judgment would be reopened under Rule 2959(e). Thus, taking as true the allegations of the complaint, defendants have not even shown that the confessed judgment is *res judicata* in state court. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that this court only give confessed judgments "the same [preclusive effect] . . . as they have by law or usage in the courts of such state . . . from which they are taken." Therefore, at this stage of the proceedings, the state judgment cannot be regarded as *res judicata.*

Defendants next assert that there is no allegation of state action. The complaint does state that the County Prothonotary and Sheriff acted upon a judgment which they knew or should have known to have been invalid and unenforceable. Paragraph 16 of the complaint alleges that "the defendants acted in concert with the aforesaid government officials to deprive plaintiff of her property through the execution process under color of law." Such allegations suffice to meet the pleading requirements of state action under the Fourteenth Amendment. *Magill v. Avonworth Baseball Conference,* 516 F.2d 1328, 1331, n.5 (3d Cir. 1975). Should it subsequently appear that there was no state action, the § 1983 claim will be dismissed.

Like defendants' argument as to *res judicata,* their contention as to laches is without merit. Plaintiff claims intentional violation of constitutional and statutory rights. These claims are independent of whether rent was owed or a judgment existed or whether the debtor elected not to seek relief in state court. The question here is whether the state judgment was confessed in accordance with the constitutional restrictions dictated by *Swarb v. Lennox, supra.* Moreover, whether this action for damages is regarded as sounding in tort or contract, it is well within the state statutes of limitations governing such action since suit was commenced here well within two years of the ·date of the state court judgment.

The § 407 claim follows upon the § 1983 claim. As held in *Finberg v. Sullivan,* 634 F.2d 50 (3d Cir. 1980) *en banc, supra,* if exempt funds were executed upon under color of law, there would be a violation of this statute. Thus, one who proceeds with a garnishment action against exempt funds would owe an appropriate remedy to the social security recipient. *Id.,* at 63.

Defendant's contention that the action fails to state a claim of lack of due process is also without merit. This claim is inherent in the allegations that plaintiff is a member of the class of persons protected from the entry of judgment by confession.

Lastly, defendants contend that the court should decline to exercise pendent jurisdiction over the state law claims. Inasmuch as the state claims coincide factually with the federal claims, this part of defendants' motion will also be denied. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

An appropriate Order follows.