Rick D. HANCOCK, Appellant
(Defendant),

v.

STOCKMENS BANK & TRUST
COMPANY, Appellee
(Plaintiff).

No. 87–3.

Supreme Court of Wyoming.

July 9, 1987.

Robert J. O'Neil, Gillette, for appellant (defendant).

James P. Schermetzler, Gillette, for appellee (plaintiff).

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

The question posed in this case is whether a judgment debtor who claims an exemption from execution with respect to funds in a joint bank account must assume the burden of establishing entitlement to the exemption. Confronted with a claim that funds in a joint bank account were exempt from execution under § 1–17–411, W.S. 1977, Cum.Supp.1986,[1] the district court ruled that only a small portion of the funds were exempt from execution. Rick D. Hancock urges that the evidence is insuffi-

---

1. Section 1–17–411, W.S.1977, Cum.Supp.1986, read:
   "The court may order any property of the judgment debtor or money due him in the hands of either himself or another person, not exempt by law, to be applied toward the satisfaction of a judgment. Upon seizure of his property or money, a judgment debtor may request a hearing pursuant to W.S. 1–17–405(c). One-half (½) of the earnings of the judgment debtor for his personal services rendered within sixty (60) days immediately preceding the levy of execution or levy of attachment, and due and owing at the time of the levy, are exempt when it appears by the debtor's affidavit or otherwise that the earnings are necessary for the use of his family residing in this state, supported wholly or in part by his labors."
   This exemption has been changed and is now found in § 1–15–408, W.S.1977, Cum.Supp.1987.

cient to support the trial court's conclusion that the funds were not exempt. We hold that the burden of proof was on Hancock, the party claiming the exemption, to establish the nature of the funds, and we affirm the judgment of the trial court because Hancock failed to establish the exempt nature of the funds.

In the Brief of Appellant, the "Statement of the Issues" is as follows:

"I. There was no substantial evidence to support the trial court's conclusion and finding of fact that, of the total sum of $6,319.47 seized from the appellant's joint account at the First National Bank on October 27, 1986, the total sum of $5,500.00 was not exempt from execution and garnishment pursuant to Wyoming Statute § 1–17–411 as of October 27, 1986.

"II. There was no substantial evidence to support the trial court's conclusion and finding of fact that the wife of the appellant deposited only the sum of $689.18 in the joint account she maintained with the appellant at the First National Bank within the sixty (60) days immediately prior to October 27, 1986."

In the Brief of Appellee, the "Statement of the Issues" is expanded and restated in this way:

"I. Whether or not there was sufficient evidence to support the trial court's conclusion and finding of fact that, $5,500.00 of the $6,319.47 seized by garnishment from the appellant's joint account with his wife at the First National Bank of Gillette on October 27, 1986, was not exempt from execution and garnishment pursuant to Wyoming Statute § 1–17–411.

"II. Whether or not the appellant, Rick Hancock has standing to raise in this appeal an issue as to whether or not any sum of money should be 'returned' to his wife, Jamie Hancock, who is not a party of this appeal, on the grounds that said money is the property of Jamie Hancock.

"III. Whether or not there was sufficient evidence to support the trial court's finding that $689.18 was deposited by Jamie Hancock into her First National

joint account with her husband within 60 (sixty) days prior to October 27, 1986. Whether the trial court's conclusion and finding that the wife of the appellant deposited the sum of $689.18 in the joint account she maintained with the appellant at the First National Bank within 60 (sixty) days prior to October 27, 1986, is a relevant and necessary finding of fact to the court's conclusion that the sum of $689.18 is exempt from execution as being the property of Jamie Hancock, who is not a judgment debtor of the appellee. Whether the trial court's error, if any, relating to this finding, is harmless error.

"IV. Whether or not there was sufficient evidence to support the trial court's conclusion and finding that $689.18 is exempt from execution as being the property of Jamie Hancock, who is not a judgment debtor of the appellee."

Rick D. Hancock signed two promissory notes at the Stockmens Bank and Trust Company. Later the bank obtained a default judgment on both notes for a total amount of $12,430.77, plus interest of $998.77 as of September 30, 1986, and costs in the amount of $28.25. The bank then proceeded to execute upon a joint bank account which Hancock owned with his wife and which had a balance of $6,319.47 at the time the execution was levied. Hancock asserted that a portion of the funds was exempt from execution pursuant to § 1–17–411, W.S.1977, Cum.Supp.1986. After a hearing on this question, the trial court ordered that, of the funds in the account, $5,854.31 be paid to the Stockmens Bank & Trust Company and that $465.16 be returned to Hancock. Hancock appeals from that ruling, arguing in essence that there is not sufficient evidence to support the finding of the trial court that only $689.18 was the separate property of Hancock's wife, and the further finding that $5,500.00 which was received as a gift and payment for a vehicle was on deposit in the joint bank account. The bank did not prosecute a cross-appeal.

█ The majority rule is that the burden of proving what funds in a bank account, held jointly by the judgment debtor and

another depositor, are not subject to execution is on the depositors. *Yakima Adjustment Service, Inc. v. Durand*, 28 Wash. App. 180, 622 P.2d 408, 411 (1981). See also *Hayden v. Gardner*, 238 Ark. 351, 381 S.W.2d 752 (1964); *Leaf v. McGowan*, 13 Ill.App.2d 58, 141 N.E.2d 67 (1957); *Miller v. Clayco State Bank*, 10 Kan.App.2d 659, 708 P.2d 997 (1985); *Purma v. Stark*, 224 Kan. 642, 585 P.2d 991 (1978); *Walnut Valley State Bank v. Stovall*, 223 Kan. 459, 574 P.2d 1382 (1978); *Baker v. Baker*, Okl.App., 710 P.2d 129 (1985); Annot., Joint Bank Account as Subject to Attachment, Garnishment, or Execution by Creditor of One of the Joint Depositors, 11 A.L.R.3d 1465 (1967). This rule is in harmony with the " 'general rule of evidence that the burden of proof lies on the person who wishes to support his case by a particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be cognizant.' Principles of Evidence, § 274; 1 Greenl. Ev. § 79; Starkie Ev. § 589." *Selma, Rome and Dalton Railroad Company v. United States*, 139 U.S. 560, 567–568, 11 S.Ct. 638, 640, 35 L.Ed. 266 (1891). See also *United States v. New York, New Haven and Hartford Railroad Company*, 355 U.S. 253, 78 S.Ct. 212, 2 L.Ed.2d 247 (1957); *United States v. Denver and Rio Grande Railroad Company*, 191 U.S. 84, 24 S.Ct. 33, 48 L.Ed. 106 (1903); *Lake v. Callis*, 202 Md. 581, 97 A.2d 316 (1953); *Skeen v. Stanley Company of America*, 362 Pa. 174, 66 A.2d 774 (1949); IX Wigmore on Evidence, § 2486 at 290 (1983).

■ The majority rule is consistent with a common sense approach, and "is the fair and reasonable rule because the depositors are in a much better position than the judgment creditor to know the pertinent facts." *Hayden v. Gardner*, supra, 381

S.W.2d at 754. This rule also conforms to the principle that is well established in Wyoming jurisprudence that the burden of proof is on the party who asserts the affirmative of any issue. *Osborn v. Manning*, Wyo., 685 P.2d 1121, 1124 (1984); *Morrison v. Reilly*, Wyo., 511 P.2d 970, 972 (1973). See also *Younglove v. Graham and Hill*, Wyo., 526 P.2d 689, 693 (1974) (affirmative defense); *Hawkeye-Security Insurance Company v. Apodaca*, Wyo., 524 P.2d 874, 879 (1974) (exception to statute of limitations—estoppel); *Gonzales v. Personal Collection Service*, Wyo., 494 P.2d 201, 207 (1972) (affirmative defense); *First National Bank at Cody v. Fay*, 80 Wyo. 245, 257, 341 P.2d 79 (1959) (entitlement to reimbursement); *Takahashi v. Pepper Tank and Contracting Company*, 58 Wyo. 330, 362, 131 P.2d 339 (1942) (exception such as license); *First National Bank of Morrill v. Ford*, 30 Wyo. 110, 216 P. 691, 692, 31 A.L.R. 1441 (1923).

■ The manifest intention of § 1–17–405(c), W.S.1977, Cum.Supp.1986,[2] in accordance with which Hancock pursued the claimed exemption, is that the debtor should assert his right to the exemption. The statutory exemptions serve to avoid the execution or garnishment, and thus are affirmative defenses in accordance with Rule 8(c), W.R.C.P. See *Texas Gulf Sulphur Company v. Robles*, Wyo., 511 P.2d 963, 965 (1973) (An affirmative defense is "a direct or implicit admission of plaintiff's claim and assertion of other facts which would defeat a right to recovery * * *."). Hancock had the burden of proving which of the garnished funds in the joint bank account were exempt from execution. He acknowledged that burden by failing to object in the trial court or to argue on appeal that imposing the burden of proof on him

---

2. Section 1–17–405(c), W.S.1977, read in pertinent part:

"The court shall attach to every money judgment in any court, except where the judgment is solely against corporate entities, a notice containing the following information:
" 'You are informed that since the judgment is entered the prevailing party may proceed to seize your property, funds or wages by attachment, execution or garnishment. In that

event you may be entitled to the following exemptions:
\* \* \* \* \* \*
" '(viii) A portion of wages, if necessary for family support as provided in W.S. 1–17–411, or in the case of consumer credit sales, leases or loans, as provided by W.S. 40–14–505;' "
\* \* \* \* \* \*
The substance of this statute now is found in § 1–17–102(b), W.S.1977, Cum.Supp.1987.

was improper. It follows that, not only under the majority rule, but because it became the law of this case, Hancock had the burden of proving those amounts in the joint bank account which were exempt from execution. *Fife v. State*, Wyo., 676 P.2d 565, 568 (1984).

 The propriety of an argument of insufficient evidence to support a finding against the party who had the burden of proof is doubtful, and perhaps this case could be decided without any examination of the evidence. The record, however, discloses that the evidence before the trial court supports the conclusion that Hancock's wife deposited as much as $2,581.15 of her separate funds into the joint bank account. Beyond that, there is no evidence in the record which demonstrates what portion of the balance in the joint bank account at the time of execution was the separate property of the wife. She testified that approximately $3,100.00 had been disbursed from the account for household expenses during the months of September and October of 1986. She also testified that she contributes to the household expenses, but there was no arbitrary rule with respect to the amount that she should pay. The wife did not even attempt to estimate how much of her sole property had been disbursed from the account and how much remained in it. The effect of the trial court's order was to return $465.16 of the funds in the account to Hancock. The judge would have been justified in finding that none of the $6,319.47 belonged to the wife as her sole property. When the evidence demonstrates that expenses paid from the joint account are to be shared by the depositors, the depositors' burden of establishing the exemption of any portion of the funds from execution clearly demands more than simply proving the deposits. Some accounting in the form of tracing the deposited funds and disbursements must be established.

Hancock also contends that the district court erred in finding that $5,500.00 of funds which would not be exempt from execution under the statute were deposited in the account. The testimony in the record with respect to whether the $5,500.00 was deposited is conflicting. Hancock testified the money went into the account; Hancock's wife testified that it did not, but she equivocated with respect to that testimony. Because Hancock had the burden of establishing the exempt source, if there was an exempt source, of the funds in the account upon which garnishment was made, he cannot be heard to complain about a finding against him when he failed to assume and meet his burden of proof.

The judgment of the district court is affirmed.