45 F.3d 427
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Daniel O. TEYIBO, Defendant-Appellant,
and JFM Government Securities, Inc., Defendant.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Daniel O. TEYIBO, Defendant-Appellant,
and JFM Government Securities, Inc., Defendant.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Daniel O. TEYIBO, Defendant-Appellant,
and JFM Government Securities, Inc., Defendant.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Daniel O. TEYIBO, Defendant-Appellant,
and JFM Government Securities, Inc., Defendant.
 Nos. 94-1280, 94-1435, 94-1451, 94-1515.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 29, 1994.
Decided Dec. 29, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Benson E. Legg, District Judge. (CA-92-3614-L).
 COUNSEL Daniel O. Teyibo, Appellant Pro Se. Lucinda Omea McConathy, Susan Koplovitz Straus, Brian F. McNally, SECURITIES & EXCHANGE COMMISSION, Washington, DC, for appellee.
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before MURNAGHAN, NIEMEYER, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In No. 94-1280, Daniel Teyibo appeals from a default judgment entered against him by the district court in a securities fraud action brought by the Securities and Exchange Commission (SEC). The final order permanently enjoined Teyibo and JFM Government Securities, a Maryland corporation controlled by Teyibo, from further violations of federal securities laws and required them to disgorge $823,275.81, representing the amount of illegal trading profits and unpaid losses owed to various brokerage firms. The final order also imposed a civil penalty of $100,000. To ensure payment, the district court froze the Defendants' assets. In No. 94-1451, Teyibo appeals from a "Memorandum" issued by the district court to Teyibo and to counsel for Banc One Mortgage Corporation, stating that the final order did not interfere with or prevent the Bank from foreclosing on Teyibo's home. In No. 94-1435, Teyibo appeals from the district court's order entered on February 4, 1994, which denied four motions: (1) to prevent the foreclosure sale of Teyibo's home (denied as moot because the issue of Teyibo's assets was adequately addressed in the final order); (2) for relief from the freeze on Teyibo's assets, filed by Mrs. Teyibo; (3) for production of all news releases issued by the SEC with respect to Teyibo's case; and, (4) for reconsideration of the court's order entered June 30, 1993, which struck Teyibo's unsigned Answer filed on March 1, 1993. Finally, in No. 94-1515, Teyibo appeals from the district court's denial, on March 10, of his motion for stay of execution of the permanent injunction in which Teyibo again sought relief from the freeze on his assets in order to obtain counsel.
 
 
 2
 Our review of the record and the district court's opinions in Nos. 94-1280, 94-1435, and 94-1515 reveals that these appeals are without merit. Accordingly, we affirm on the reasoning of the district court Securities and Exchange Commission v. Teyibo, No. CA-92-3614-L (D. Md. Feb. 4, 1994; Mar. 10, 1994). In light of this disposition, Teyibo's motions to appoint counsel and to vacate this Court's order entered June 20, 1994 (extending the time for filing of Appellee's informal brief) are hereby denied.* Because the foreclosure sale at issue in No. 94-1451 has already taken place, we dismiss this appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 94-1280--AFFIRMED
 No. 94-1435--AFFIRMED
 No. 94-1515--AFFIRMED
 No. 94-1451--DISMISSED
 
 
 *
 Teyibo also filed a motion to stay his appeal pending the rulings on his motion for appointment of counsel. Because we have denied the latter, his motion to stay is denied as moot