**S & S DIVERSIFIED SERVICES, L.L.C., Plaintiff,**

v.

**Jerry L. TAYLOR and Adeline R. Johnson, Defendants.**

No. 94–CV–1012–J.

United States District Court, D. Wyoming.

June 23, 1995.

Thomas M. Hogan, Jr., Casper, WY, for plaintiff.

William L. Miller, Miller & Fasse, Riverton, WY, for Jerry L. Taylor, defendant.

Adeline R. Johnson, Casper, WY, defendant, pro se.

## DECISION ON REQUEST FOR HEARING ON WRIT OF GARNISHMENT

ALAN B. JOHNSON, Chief Judge.

This matter came before the court on June 21, 1995, for hearing on defendant and judgment debtor Adeline R. Johnson's Request for Hearing on plaintiff's Writ of Garnishment against funds held in her checking account. Plaintiff was represented by counsel and Mrs. Johnson appeared pro se.

The court has considered the Request for Hearing, the papers and pleadings filed by Mrs. Johnson, the entire record in this case and upon its own review of the applicable statutes and authorities is fully advised.

### BACKGROUND

Mrs. Adeline R. Johnson is an 80 year old widow. In 1984, she co-signed a renewal of a $59,959 note from her husband and defendant Jerry L. Taylor to a bank. Plaintiff S & S Diversified eventually acquired the renewal note. S & S Diversified then filed this case seeking judgment based upon that renewal note. On January 27, 1995, judgment was awarded to S & S Diversified and against Mrs. Johnson in the amount of $133,-788.44, plus accruing post judgment interest.

## FINDINGS OF FACT

On April 10, 1995, S & S Diversified served a Writ of Garnishment on Mrs. Johnson's bank, Key Bank of Wyoming. Key Bank, as garnishee, amended its answer on April 25, 1995, to show that on that date Mrs. Johnson had a balance of $3,500.45 in a checking account with the Bank.

Mrs. Johnson filed a Request for Hearing on the garnishment contending funds held in the checking account are exempt for two reasons. One, the money in the account is comprised of social security benefits that are exempt pursuant to 42 U.S.C. § 407. And, two, that the account is a joint account with her daughter, Linda Kantor.

Mrs. Johnson sent materials in support of her motion enclosed with two letters to this court. The letters and materials have now been docketed in the file as a pleading in support of her Request for Hearing and copies have been sent to counsel for S & S Diversified.

Attached to Mrs. Johnson's letters is her May 18, 1995, checking account statement for account no. 5540459276. That statement shows a monthly direct deposit of $749 from social security and a direct deposit from "Xerox Life Ann. Pymt" of $615.20 and a current balance of $4,648.61. The statement also shows $75 worth of "returned items" charges when Mrs. Johnson had a balance of over $3,000. Key Bank has frozen the account and charged Mrs. Johnson a fee for refusing to honor her outstanding checks. According to S & S Diversified, it did not request this freeze.

Also attached to Mrs. Johnson's letters is a copy of direct deposit authorization dated January 15, 1993. The direct deposit authorization shows Linda Kantor is the policy owner of the Xerox Financial Services Life Insurance Company annuity policy and that Ms. Kantor authorized a direct deposit of the proceeds into the joint account with her mother.

At the hearing, Mrs. Johnson alleged that the funds from the annuity belong to her daughter who has authorized Mrs. Johnson to use them if she needs to when her daughter was out of town. Mrs. Johnson also stated that she has never kept track of how much of the joint checking account balance results from each of the two different sources.

## CONCLUSIONS OF LAW

Fed.R.Civ.P. 69 provides for enforcement after judgment is entered. Rule 69 provides that process to enforce a judgment for the payment of money shall be by writ of execution "unless the court directs otherwise." In this case S & S applied for and obtained a Writ of Garnishment. Rule 69(a) directs that this court look to the applicable state, in this case Wyoming, for practice and procedure on such a writ of garnishment unless a federal statute controls.

Section 407 of the Social Security Act [42 U.S.C. § 407] provides "none of the moneys *paid* or payable ... under [the Social Security Act] shall be subject to execution, levy, attachment, <u>garnishment,</u> or other legal process, ..." (underlined emphasis added).

■ Social security benefits received by the beneficiary and deposited in a bank accounts remain exempt from execution under 42 U.S.C. § 407. *Philpott v. Essex County Welfare Board,* 409 U.S. 413, 416, 93 S.Ct. 590, 592, 34 L.Ed.2d 608 (1973) (funds on deposit "retained the quality of 'moneys' within the purview of § 407") *accord Jones v. Goodson,* 299 Ark. 495, 772 S.W.2d 609, 611 (1989) (social security benefits deposited in checking account are exempt from process).

The breadth of the Social Security Act's exemption language was recognized by exemplification in *Guidry v. Sheet Metal Workers National Pension Fund,* 39 F.3d 1078, 1083 (10th Cir.1994). In *Guidry,* the Tenth Circuit contrasted the language of section 407 of the Social Security Act with the less broad exemption language in ERISA (Employee Retirement Income Security Act of 1974, § 206(d)(1), 29 U.S.C. § 1056(d)(1)). The *Guidry* court found that the contrast in language between the two exemption statutes supported its holding that, unlike social security benefits, benefits covered by ERISA are not exempt from garnishment once they are paid to and received by beneficiaries. *Id.*

Because the specific language of the Act exempts social security benefits already "paid," the social security exemption is completely different from the situation where an exemption is claimed under a state law where property commonly ceases to be exempt once it is paid to and received by the judgment debtor. *Compare e.g.* Wyo.Stat. § 1–15–408 (protecting portion of "accrued and <u>unpaid</u>" disposable earnings from garnishment) (underlined emphasis added).

■ Social security benefits are protected from attachment, levy and garnishment even if they are commingled with funds from other sources. *NCNB Financial Services, Inc., v. Shumate,* 829 F.Supp. 178, 180 (W.D.Va. 1993) *aff'd* 45 F.3d 427 (4th Cir.1994) (recipient of social security benefits commingled with other funds entitled to protection as to those funds reasonably traceable to social security income).

■ Similarly, social security benefits deposited in a joint bank account retain their exempt status if they are readily traceable. *Dean v. Fred's Towing,* 801 P.2d 579, 582 (Mont.1990).

■ Thus, Mrs. Johnson's social security benefits are absolutely exempt even if she has deposited them in a joint account where they are commingled with funds from Ms. Kantor's annuity.

■ The burden of proving what funds in a bank account, held jointly by the judgment debtor and another depositor, are not subject to execution is on the depositors. *Hancock v. Stockmens Bank & Trust Co.,* 739 P.2d 760, 761–2 (Wyo.1987) (Where judgment debtor claimed portion of money in account was sole property of his wife, burden not met by simply showing her deposits; some accounting in the form of tracing the deposited funds and disbursements must be established.).

■ According to the monthly statement in evidence, approximately fifty-five percent of the deposits result from social security benefits. On the date of the answer to the garnishment the account totaled $3,500.45. Fifty five percent of $3,500.45 is $1,925.25.

■ Mrs. Kantor has deposited the proceeds of the annuity in the joint account for her mother's use and any limitations on that use have not been established. Mrs. Johnson and Ms. Kantor have the burden of proving the extent to which the annuity proceeds are the separate property of Ms. Kantor. There has been no accounting of the disbursements from the account. Accordingly, the court must find that Mrs. Johnson has not met her burden of proving what funds, other than her social security benefits, are not subject to execution. As a result, the amount of $1,575.21 is subject to the garnishment.

■ Ms. Kantor remains free to assert her ownership in the annuity proceeds. Ms. Kantor is also free to pay her mother's bills, to give her mother money or to otherwise assist her mother. However, if Ms. Kantor places any money in an account in Mrs. Johnson's name, under Wyoming law the depositors into the account will have the burden of showing what funds are not subject to execution to collect a judgment against Mrs. Johnson. *Hancock,* 739 P.2d at 761–62. If, in the future, Ms. Kantor stops direct depositing the annuity proceeds into an account held jointly with her mother, ownership of those annuity funds would not be open to dispute. In other words, the only foolproof method of protecting the annuity against claims by Mrs. Johnson's creditors is to not put the annuity into an account owned solely by or jointly with Mrs. Johnson.

The court is concerned about the imposition of two-month freeze on Mrs. Johnson's account containing social security benefits deposited before and after the garnishment was served. *See e.g. Demp v. Emerson Enterprises,* 504 F.Supp. 281, 284 (E.D.Penn. 1980) (action for damages for attempting execution upon and collection from bank account which contained funds exempt under Social Security Act). The court has advised Mrs. Johnson that she needs to seek legal advice to protect her rights under the Social Security Act and has advised her that Legal Services may be able to help her if she is unable to afford an attorney.

■ Further, the court upon its own motion may impose sanctions for any knowing

attempt to violate the clear language of 42 U.S.C. § 407 by using legal process to garnish or otherwise execute on social security benefits that are exempt under federal law. *See* Fed.R.Civ.P. 11(b)(2) (presenting a signed pleading to the court is a representation that claims and other legal contentions are warranted by existing law).