**Beatrice MARTONE, Plaintiff–Appellant,**

v.

**Phyllis NEISWANGER and John Neiswanger, Defendants–Appellees.**

No. 02–9137.

United States Court of Appeals,
Second Circuit.

June 23, 2003.

Beatrice Martone, Cheshire, CT, for Appellant, pro se.

Michael E. Rizzo, Hamden, CT, for Appellee.

PRESENT: SACK, SOTOMAYOR, Circuit Judges, and DANIELS,* District Judge.

### SUMMARY ORDER

This case arises out of a dispute about the return of a security deposit for a leasehold terminating in 1996. The Neiswangers, plaintiff Martone's former tenants, obtained a small-claims court judgment against Martone for her failure to return the security deposit. When Martone failed to pay the judgment, the Neiswangers applied to the Superior Court of the State of Connecticut (Silbert, J.) for an execution against Martone's bank account. Martone filed a claim of exemption from execution, arguing that the bank account contained social security payments exempt from exe-

---

* The Honorable George B. Daniels of the United States District Court for the Southern District of New York, sitting by designation.

cution under 42 U.S.C. § 407(a) and related state law. The state court apparently rejected Martone's attempt to provide evidence of the social security payments because her filing failed to reference a case name or docket number. When Martone then did not attend a hearing regarding her claim of exemption, the claim was denied. The Neiswanger's also sought to execute the judgment via a lien against Martone's condominium.

Martone filed suit in the United States District Court for the District of Connecticut, claiming that the Neiswangers had taken her social security payments in violation of section 407(a), and that the lien violated Conn. Gen.Stat. § 52–352b(t), which protects primary residences from execution.

The district court (Janet C. Hall, *Judge*) dismissed Martone's complaint, relying on the *Rooker-Feldman* doctrine, noting that in her section 407(a) claim, she was asking the court to overturn the Connecticut court's decision rejecting her claim of exemption. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). That doctrine bars federal courts other than the Supreme Court from reviewing state court judgments except under narrow circumstances not applicable here. *See e.g.*, 28 U.S.C. § 2254. Without such an exception, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires us to give the Connecticut judgment against Martone preclusive effect.

The district court dismissed plaintiff's remaining state law claims for lack of subject matter jurisdiction. *Cf.* 28 U.S.C. § 1367(c)(3) (when a district court has dismissed all of the claims in a case over which it has original jurisdiction, it may

"decline to exercise supplemental jurisdiction" over remaining claims).

On appeal, Martone claims that the district court erred in finding that the Connecticut court had denied her request for an exemption. She claims that it actually denied the Neiswangers' request to execute on her bank account, and that the Neiswangers have been perpetrating a fraud on her, her bank, and the district court by claiming to the contrary. She bases this argument on an affidavit by Joseph M. Dudra, a state court clerk, stating that a document entitled "EXEMPTION CLAIM FORM BANK EXECUTION," is "a true copy of the bank execution denied by the court".

The document in question had been used by Martone to request an exemption. Martone had claimed on the form that her bank account was exempt as containing social security funds under Conn. Gen. Stat. § 52–352b(g). The form's second page contains a handwritten note reading "Denied (Silbert, J) 6–28–96". After briefs were filed in this case, the Neiswangers provided this court, via a letter sent pursuant to Fed. R.App. P. 28(j), with a new copy of the exemption form, along with a new affidavit from Durda stating that the form is "a true copy of the Bank Exemption Claim as denied by the court."

It is clear that Martone's exemption claim, not the Neiswangers' execution request, was denied by the state court. While we recognize that Durda's original affidavit may have created legitimate confusion on the part of Martone regarding whether her exemption claim or the Neiswangers' bank execution request had been denied and she therefore needed to file an appeal or make a motion for reconsideration in order to protect her rights, we do not think that the procedure afforded to Martone was so inadequate as to render the judgment a nullity.

478

Martone also argues that section 407(a) grants her a right of action regardless of the *Rooker-Feldman* doctrine, citing *Demp v. Emerson Enters.*, 504 F.Supp. 281 (E.D.Pa.1980). In that case, as in this one, the plaintiff brought a section 407 claim against persons who had executed a state judgment against her bank account, which had contained social security payments. In that case, the state court judgment had been obtained via a procedure that had been held to violate the due process rights of a class containing the plaintiff. *See id.* at 283. Because the state court judgment had been procured through a procedure that failed to provide constitutionally adequate notice, it had no *res judicata* effect. *See id.* Here, Martone does not contend that she lacked notice or a meaningful opportunity to be heard at the original state court proceeding, and therefore cannot assert that, under *Demp,* the state court judgment is ineffective.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.